HOSFORD, Appellant, v. CITY OF PLATTE, Respondent.

(163 N. W. 714.)

(File No. 4156.     Opinion filed July 5, 1917.)

1. **Municipal Corporations—Pleadings—Suit for Compensation— Counterclaim for Overpaid Salary, Competency.**

   A claim for moneys improperly paid by a city to a city attorney, for services in revising city ordinances, may be pleaded as a counterclaim in an action by him to recover official salary.

2. **Municipal Corporations—Payment for Revising Ordinances, Whether for "Extra Services?"—Scope of City Attorney's Duties—Statute.**

   Under Pol. Code, Sec. 1247, providing that the city attorney shall perform "all professional services incident to his office," held, that the preparation of ordinances, either for one or a complete set, is a service incident to office of city attorney; and this, notwithstanding Laws 1887, Chap. 73, Sec. 15, (now Pol. Code, Sec. 1194,) providing that the mayor of a city not incorporated under general law, which afterwards incorporates thereunder, may appoint one or more competent persons to prepare and submit to city council for adoption or rejection an ordinance in revision of ordinances of such city, the compensation for which to be fixed by the city council and paid out of city treasury; the latter section having no application to the case at bar, in which plaintiff sued to recover

salary as city attorney, defendant city having counterclaimed to recover a sum paid plaintiff for revising city ordinances under a previous term of office; that the preparation of said revision of ordinances was within the line of the duties of the city attorney, and was not "extra services" performed by him.

Polley, J., dissenting.

Appeal from Circuit Court, Charles Mix County. Hon. ROBERT B. TRIPP, Judge.

Action by P. A. Hosford, against the City of Platte, to recovery for salary as city attorney. From a judgment for defendant entered upon an order overruling a demurrer to defendant's counterclaim, plaintiff appeals. Affirmed.

*Ambrose B. Beck,* for Appellant.

*Roy E. Willy, for Respondent.*

(1) To point one of the opinion, Respondent cited: 34 Cyc. 723; Wood v. N. Y., 73 N. Y. 556; Price v. Lancester Co., 24 Pa. Co. Ct. 225; Wiles v. McIntosh Co., 10 N. D. 594, 88 N. W. 710; Commonwealth v. Field, (Va.) 3 S. E. 882; Ellis v. Board of State Auditors, (Mich.) 65 N. W. 579.

(2) To point two of the opinion, Appellant cited: Secs. 1247, 1257, 1256, 1194, Pol. Code; Cloonan v. Kingston, 75 N. Y. Suppl. 425.

Respondent cited: Hays v. City of Oil City, 116 Pa. St. 256, 11 Atl. Rep. 63; Dill. Munic. Corp. (Vol. 1, p. 256, Sec. 172); Mechem Pub. Off., Sec. 862; State v. Stockwell, 23 N. D. 86, 134 N. W. 767; Bayha v. City of Webster, (Neb.) 24 N. W. 457.

WHITING, J.   Plaintiff, while city attorney of defendant city, revised the ordinances of said city. No contract for extra compensation was entered. After the revision was completed, the city paid plaintiff for such work; such payment being in addition to his salary. For a later period in plaintiff's term of office defendant failed and refused to pay plaintiff his salary. This action was brought to recover such salary. The city pleaded as a counterclaim the amount paid plaintiff for revising the ordinances. Plaintiff demurred to such counterclaim, and the demurrer was overruled. From the order overruling such demurrer this appeal was taken.

[1] Appellant does not contend but that money improperly paid a person holding a public office can be recovered of such

person. McQuillin, Mun. Corp. § 527. But he does contend that a claim for moneys so improperly paid cannot be pleaded as a counterclaim in an action to recover official salary. There is no merit in such contention. 34 Cyc. 723; Wiles v. McIntosh County, 10 N. D. 594, 88 N. W. 710.

Upon the merits, appellant urges his right to retain the money paid him for revising the ordinances because it "was a payment for extra services outside of the scope of appellant's duties as city attorney." He thus impliedly at least admits that if this work had been done "as city attorney" he would not have been entitled to extra compensation therefor. His demurrer confessed that the bill for such extra compensation, presented to and allowed by the city council, was for "services performed by the plaintiff as city attorney for said city of Platte." But, even if appellant should be held not to have admitted by such demurrer that this revising of the ordinances was done "as city attorney," but merely to have admitted that he presented a bill so stating, yet the demurrer was properly overruled.

[2] Section 1247, P. C., provides that:

"The city attorney shall perform all professional services incident to his office."

We think the preparation of ordinances, whether it be one or a complete set, is a service incident to the office of city attorney under the above statute. It is true that section 15, c. 73, Laws 1887, now section 1194, P. C., provides that, after a city not incorporated under the general law incorporates under such general law, the mayor "may appoint, by and with the advice and consent of the city council, immediately after such change of organization, one or more competent persons to prepare and submit to the city council, for their adoption or rejection, an ordinance in revision of the ordinances of such city, the compensation of such reviser or revisers to be determined and fixed by the city council and paid out of the city treasury." But this section has no application to the facts presented by the pleadings herein. We think the law as laid down in section 233, Dillon Mun. Corp. (4th Ed.), is fully supported by reason and authority:

"It is a well-settled rule that a person accepting a public office, with a fixed salary, is bound to perform the duties of the

office for the salary. He *cannot legally claim additional compensation* for the discharge of these duties, even though the salary may be a very inadequate remuneration for the services. Nor does it alter the case that by subsequent statutes or ordinances his duties within the scope *of the charter powers* pertaining *to the office* are increased and not his salary. Whenever he considers the compensation inadequate, he is at liberty to resign. The rule is of importance to the public. To allow changes and additions in the duties properly belonging or which may properly be attached to an office to lay the foundation for extra compensation, would introduce intolerable mischief. The rule, too, should be rigidly enforced. The stautes of the legislature and the ordinances of our municipal corporations seldom prescribe with much detail and particularity the duties annexed to public offices; and it requires but little ingenuity to run nice distinctions between what duties may and what may not, be considered strictly official; and if these distinctions are much favored by courts of justice, it may lead to great abuse."

To the same effect is the law announced in section 525, McQuillin, Mun. Corp., wherein is cited the case of Hays v. Oil City (Pa.) 11 Atl. 63. In that case the court held that the preparation of a digest or a codification of the laws applicable to the city was within the line of the duties of the city attorney under a city charter which provided that the city attorney "shall do all and every professional act incident to the office which may be required of him" by the officers of the city. We think the following words of the court in that case are peculiarly applicable in this case:

"Lawyers may and possibly do honestly differ as to whether the services performed and here claimed for were strictly incident to the office. It was most certainly the professional labor of an attorney. It strictly pertained to the lawful administration of the government of the municipality; and it was needed by the council in the performance of their official duties. Applying, now, the rule laid down by Dillon, before recited, that nice distinctions between what duties may and what may not be considered strictly official should meet with little favor by the courts, and that this rule should be rigidly enforced, although it may make a seeming

hardship in particular cases, yet it is a salutary rule to be enforced for the public benefit."

The case of Cloonan v. City of Kingston, 37 Misc. Rep. 322, 75 N. Y. Supp. 425, is cited by appellant. A mere reference to the syllabus in that case shows that it has no application to the facts in this case, and a reading of the opinion itself fully supports the syllabus. This syllaubus is:

"Where the common council of a city has power to fix the salary of a city attorney, it may award him compensation for preparing a revision of the city charter, in excess of the amount of his salary."

In other words, from a reading of the decision and applying the reasoning to this case, if the city council of the city of Platte had had the power to fix the salary of plaintiff in an amount which would have included not only the salary which was fixed but also this extra compensation, then, even though it waited until after the work was done, it could allow this additional compensation. If we were to concede that the city council, after the services had been performed, could, owing to such services, have increased appellant's salary, the only latitude which the council would have had would have been to increase the salary to the extent of $25 a year, and this could only have been done by an ordinance. Sections 1256, 1257, P. C.

The order appealed from is affirmed.

POLLEY, J. (dissenting). I am not able to agree with the opinion of the majority of the court in this case. I do not believe that revising the city ordinances is a professional duty incident to the office of city attorney. It appears from the record that the plaintiff was employed by the year. His salary amounted to less than $15 per month. The revision of the city ordinances may have taken practically all of his time for a month, or even two or more months. It is not to be presumed that the performance of any such duty was contemplated by appellant when he accepted the office of city attorney, and it is certain that the city council did not consider the performance of this service a part of his duties as city attorney. This is apparent from the fact that they allowed and paid plaintiff's bill when the work was finished.

The demurrer ought to have been sustained.