STATE, Respondent, v. JOHNSON, Appellant.

(207 N. W. 216.)

(File No. 5835.   Opinion filed February 16, 1926.)

1.  **Criminal Law—Intoxicating Liquors—Accused Placing Liquor in Possession of Officers at Their Request Can be Convicted.**

    Accused who placed intoxicating liquor in possession of officers of law at their request, after coming upon his farm can be convicted of giving and furnishing intoxicating liquor.

2.  **Criminal Law—Intoxicating Liquors—Conviction May Be Had Where Accused Was Induced by Officers of the Law to Place Liquor in Their Possession While Peacefully and Lawfully on His Own Premises.**

    Accused, who was induced by officers of the law to place intoxicating liquor in their possession while peacefully and lawfully upon his own premises, can be convicted of giving and furnishing intoxicating liquor.

3.  **Criminal Law—Evidence—Tstimony Held to Raise No Question of Entrapment.**

    Testimony of federal officer as to transactions during purchase of liquor from accused held to raise no question of entrapment.

Appeal from Circuit Court, Brown County; Hon. ROBERT D. GARDNER, Judge.

Andrew Johnson was convicted of furnishing and offering intoxicating liquor for sale, and he appeals.   Affirmed.

*E. B. Harkin,* of Aberdeen, for Appellant

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Brief Attorney, of Pierre, for the State.

(3)   To point three of the opinion, Appellant·cited: Patterson v. United States, 255 Fed. 433; Smith v. State, 135 S. W. 154; Scott v. State, 153 S. W. 871; United States v. Echols, 253 Fed. 862; People v. Bartdhl, 171 Pac. 440; State v. Feldman, 129 S. W. 898.

Respondent cited:   Gordon v. State (Ga.), 67 S. E. 893; State v. Spikes (Kan.), 129 Pac. 195; State v. Feldman (Mo.), 129 S. W. 998; State v. Richie (Mo.), 180 S. W. 2; City Comden v. Pub. Service Co. (N. J.), 86 Atl. 417.

GATES, P. J.   Defendant was convicted of the offense of furnishing and offering intoxicating liquor for sale.   He appeals from the judgment and order denying new trial.

[1, 2] Appellant's argument is based upon the proposition that he was entrapped into the commission of the act by a federal prohibition officer and a deputy sheriff, and he propounds these two questions:

"(1)   Can the defendant, who at the request of the officers of the law who came upon his farm places intoxicating liquor in the possession of the officers, be convicted of giving and furnishing intoxicating liquor under the statute?

"(2)   Can the defendant who, while peaceably and lawfully upon his own premises, is induced by officers of the law to place in their possession intoxicating liquor, be convicted of giving and furnishing intoxicating liquor under the statute?"

[3]   The federal officer testified:

"I went up to the door and rapped, and Mr. Johnson came to the door, and I asked him if he had any moonshine liquor for sale, and he said he did.   I told him I would like to get two gallons, and he said he had that much, and then he went back in the house and got his hat or cap and came back out, and went out of the gate south out past the granary and got the two gallons and came back and left it by the granary and told me to drive up by the granary so nobody could see from the road, and I drove the car up to the granary, and he brought the two gallons of moonshine around through the gate and set it in the car and set back for his money, which he told me he would take $10 a gallon for, and Mr. Zick stepped out of the back seat of the car and arrested him."

No question of "entrapment" is raised by the foregoing testimony, which evidently was believed by the jury rather than defendant's testimony.   The answer to both of the above inquiries is, "Yes," under the circumstances above disclosed.

The judgment and order appealed from are affirmed.

CAMPBELL, J., not sitting.

Note.—Reported in 207 N. W. 216.  See, Headnote (1) and (2), American Key-Numbered Digest, Criminal law, Key-No. 37, 16 C. J. Sec. 57; (3) Criminal law, Key-No. 569, 16 C. J. Sec. 1585.