STATE, Respondent, v. PLUCKER, Appellant

(21 N. W.2d 280.)

(File No. 8800.   Opinion filed January 11, 1946.)
Rehearing Denied, February 25, 1946.

**Danforth & Danforth,** of Sioux Falls, for Appellant.

**George T. Mickelson,** Atty. Gen., **Charles P. Warren,** Asst. Atty. Gen., and **John R. McDowell,** State's Atty., and **Verne H. Jennings,** Deputy State's Atty., both of Sioux Falls, for Respondent.

HAYES, Circuit Judge. Leonard Plucker was tried and found guilty in the Municipal Court of Sioux Falls, South Dakota, upon an information charging him with the sale of intoxicating liquor without having a state license authorizing such sale. Upon such conviction the trial court pronounced sentence and entered judgment. In due course the defendant presented to the trial court a motion for a new trial which motion was denied. Defendant has appealed from the order denying said motion.

Appelant's assignments of error are consolidated in his brief so as to present for review by this court four points or asserted errors. By timely and appropriate motions made during the trial and subsequent thereto the defendant challenged the sufficiency of the evidence to warrant and sustain a conviction. We consider first the question of the sufficiency of the evidence.

The material testimony of the two witnesses for the state tends to establish the following facts. At about thirty minutes after 11 o'clock on the night of February 27, 1945, the sheriff of Minnehaha County, accompanied by one Paul Crabtree, an agent of the sheriff's office, drove to a tavern or night spot known as the Dine-A-Mite Club, the appellant's place of business. The location of said place is on highway U. S. 16 just west of the city limits of Sioux Falls. Upon arriving at said place, the sheriff stopped his car and Crabtree got out and entered appellant's tavern. The sheriff then drove on down the highway a very short distance,

turned around and parked his car a few rods from the main entrance of said tavern.

Crabtree stepped up to the tavern bar, purchased a drink and a half-pint of brandy from appellant, paying $2.50 for the latter, and shortly thereafter rejoined the sheriff at his car. The sheriff had searched Crabtree just before they started for appellant's place and said place was the first one visited by them that evening. The bottle of brandy was identified and received in evidence during the trial.

Appellant testified that he had left the tavern before the time of Crabtree's visit, that he returned to the tavern at about 11:45 and that he sold no liquor or brandy to Crabtree. Appellant's wife, some of his employees and some of his guests, all at the tavern at the time while Crabtree was there, testified to the same effect. Appellant did not offer to show where he was during the time of his absence from the tavern. No notice of an alibi defense had been served pursuant to SDC 34.2801.

The jury elected to believe the sheriff and Crabtree. We conclude that the evidence was sufficient to warrant a conviction.

■ Appellant contends that Crabtree was an accomplice. To the contrary, the evidence establishes that Crabtree was an aid to the sheriff or a detecting agent. State v. Sturgis, 54 S. D. 245, 222 N. W. 681.

■ Appellant's application for a new trial suggests that he may have been the victim of an entrapment. Nothing in the evidence tends to support such a proposition. The fact that Crabtree furnished to appellant an opportunity to commit a crime in order to secure the evidence necessary to prosecute him therefor constitutes no defense. State v. Johnson, 49 S. D. 414, 207 N. W. 216; 15 Am. Jur., Criminal Law, § 335.

A further ground upon which appellant seeks a new trial relates to newly discovered evidence. An affidavit of appellant's counsel, made a part of the application for a new trial, discloses that some persons might be willing to testify that Crabtree's reputation for truthfulness and veracity is not good and that one more person is available to state that appellant was not on hand to sell the brandy to

Crabtree and that no brandy was purchased as Crabtree testified.

It is settled in this state that a new trial will not be granted for newly discovered evidence which when produced will merely discredit a witness who testified at the trial. State v. Comes et al., 64 S. D. 537, 268 N. W. 724 and cases therein cited.

The testimony of the additional witness would be altogether cumulative and insufficient as a basis for granting a new trial.

Appellant's third point questions the ruling of the court upon a motion in arrest of judgment following the trial. Said motion embraced a number of the matters we have already reviewed and the one question remaining for our consideration.

The court instructed the jury to the effect that the bottle received in evidence contained intoxicating liquor as it bore a revenue stamp similar to those affixed to liquor bottles. The transcript discloses an exception to said instruction entered by appellant. Respondent asserts that said exception was noted in the record after the jury had been instructed. The settled record before us presents no question respecting the time and manner of settling the instructions received by the jury.

The character of the contents of the bottle received in evidence did not become an issue during the trial of the case. On direct examination the appellant testified that he did not know whether or not said bottle contained intoxicating liquor. Due to the nature of the defense appellant elected to present, closely approaching an alibi, he doubtless chose not to challenge the testimony of the state's witnesses to the effect that the bottle contained brandy or intoxicating liquor. If the appellant entertained any doubt respecting the contents of the bottle in question, the way was open to him to settle the matter. The testimony of the state's witnesses was undisputed. In the light of the record testimony, we are of the opinion that the giving of the instruction complained of did not constitute prejudicial error.

The ruling of the trial court denying appellant's motion for a new trial is affirmed.

All the Judges concur.

HAYES, Circuit Judge, sitting for POLLEY, J.