CITY OF SIOUX FALLS, Respondent, v. FAMESTAD
Appellant

(21 N. W.2d 693.)

(File No. 8799.   Opinion filed February 14, 1946.)

**Danforth & Danforth,** of Sioux Falls, for Appellant.

**Roy D. Burns** and **R. G. May,** both of Sioux Falls, for Respondent.

HAYES, Circuit Judge.  The appellant, Edith Famestad, was convicted and sentenced in the Municipal Court of the City of Sioux Falls, South Dakota, after a jury trial upon a complaint charging her with the violation of a city ordinance prohibiting sales of intoxicating liquor without having a state license authorizing such sales.  She has appealed from an order of the trial court denying a motion in her behalf for a new trial.

The rulings of the trial court assigned as errors will be reviewed in the order in which the same are treated in the briefs of counsel.

■ The first point urged by appellant is that the state's sole witness to the illegal sale, the purchaser of a pint of whiskey, was an accomplice and that in the absence of corroborating proof the conviction upon the testimony of said witness cannot be sustained. The undisputed testimony is to the effect that the purchaser of the whiskey was engaged by the law enforcement officers at Sioux Falls to assist in the apprehension of law violators and the suppression of illegal liquor sales. A person so engaged is not an accomplice and his testimony need not be corroborated. State v. Plucker, 71 S. D. 78, 21 N. W.2d 280, and authorities therein cited.

■ The contention that appellant was the victim of an entrapment cannot be sustained upon the record testimony. The purchaser of the whiskey merely furnished appellant an opporunity to make an illegal sale and to supply evidence of the transaction. That such circumstance furnishes no defense has been decided by this court in State v. Plucker, supra, and in State v. Johnson, 49 S. D. 414, 207 N. W. 216.

■ During the course of the trial appellant offered to show that a search of her premises three days subsequent to the date of the sale for which she was held to trial failed to disclose that liquor was then kept at her place of business. The court refused such offer. We believe that said offer was properly refused. Proof of the absence of intoxicating liquor at appellant's place on a subsequent date would be of no aid to the jury in determining whether or not an illegal sale had been made as charged in the complaint.

■ One of the grounds upon which appellant sought a new trial is predicated upon a showing by affidavit to the effect that a number of persons might testify at a retrial that the state's sole witness to the illegal sale was a person whose reputation for truthfulness was bad. Countering such showing the city submitted to the trial court documents bearing the signatures of a number of persons who subscribed to the good reputation of said witness for veracity.

As held by this court in State v. Plucker, supra, and cases cited therein, a new trial will not be granted for newly

discovered evidence which when produced would merely discredit a witness who testified at the trial.

After pleading to the complaint and proceeding to trial thereon and after the verdict of the jury had been returned, appellant for the first time challenged the propriety of preferring the charge in the form of a complaint and moved for arrest of judgment upon the further ground that the complaint failed to charge a violation of law.

The complaint charges that the defendant "did violate Sec. 9.101 of Ordinance No. 1370 of the said City of Sioux Falls, in that said defendant at and in said City and on said date did sell intoxicating liquor, to-wit: one pint of whiskey, to another person without having a license therefor as required by Title 5 of the South Dakota Code of 1939 as amended, contrary to the provisions of said Ordinance of said City, * * *"

■ We need not determine whether or not the complaint describes a public offense within the meaning of SDC 34.3514. The complaint undertakes to charge a violation of a city ordinance and we believe the same to have been adequate in stating such a violation.

■ We are not in this case confronted by a contention that the trial court was without jurisdiction to try the appellant for the offense pleaded in the complaint. Appellant does contend, however, that SDC 34.3301 requires that all prosecutions in municipal court other than those specified in said section must be upon information and that it was a violation of said section for the court to proceed to try her upon a complaint. As pointed out above, no objection to such procedure was entered by appellant before going to trial.

■ The code section last referred to relates to criminal prosecutions triable in municipal courts. Had the state sought to prosecute appellant for an illegal sale of liquor the procedure provided by said section would have clearly governed. Here, however, appellant was brought before the court and tried upon a complaint charging an infraction of a city ordinance. Such a proceeding, though quasi criminal in its nature, is not a criminal prosecution

within the meaning of said SDC 34.3301 but is a civil action and may be prosecuted upon a complaint. Webster v. Knewel, 47 S. D. 142, 196 N. W. 549.

█ The only other assignment of error argued before this court challenges the propriety of the ruling of the trial court denying an application by appellant to postpone or continue the trial of her case to a later term. Said application is in the form of an affidavit, signed by appellant, containing a denial of her guilt of the charge pleaded in the complaint and setting forth her reasons for believing that she might not have a fair trial before a jury to be selected from the panel then in attendance. A part of the panel had on the previous day composed the jury which heard a similar case and the affidavit suggests that other members of the panel had heard some of the testimony offered during the previous trial. Appellant assumed that because of the conviction of another person at that term upon a similar charge, which conviction was based largely upon the testimony of the same witness with which she was to be confronted, she would not be able to select a fair and impartial jury from the panel then serving. Our criminal procedure does not require the trial court to grant a continuance upon a showing such as the appellant presented. The record does not indicate that appellant was denied opportunity to challenge members of the panel individually upon the ground of implied bias under SDC 34.3618(5), or for cause under SDC 34.3617 and no prejudice has been shown.

██ In her brief appellant complains of the action of the trial court in permitting the settled record to include certain documents which respondent had submitted to the court at the time of the hearing upon appellant's motion for a new trial. Our view is that the settled record should contain all documents which were properly before the trial court for its consideration at the time of the ruling or decision to be reviewed by this court. There is nothing in the record to indicate that it was an error prejudicial to appellant to have the record include documents to the presentation of which appellant made no objection at the time when the same were submitted to the court.

Finding no error the order and judgment of the trial court are affirmed.

All the Judges concur.

HAYES, Circuit Judge, sitting for POLLEY, J.