SHAW et al., Respondents v. COMMON COUNCIL OF CITY
WATERTOWN et al., Appellants

SHAW et al., Respondents v. HOY, Appellant

(63 N. W.2d 252)

(File Nos. 9440, 9441.  Opinion filed March 9, 1954)

242

**Stover, Beardsley & Osheim,** Watertown, for Plaintiffs and Petitioners.

**Lloyd B. Peterson and Andrew E. Foley,** Watertown, for Defendants and Appellants.

SMITH, P. J.  In each of the above entitled related proceedings, the plaintiffs have moved for dismissal of the appeal on the ground that the prosecution thereof has not been authorized by the governing body of the City of Watertown.

The Standard Oil Company (Ind.) made application to the City Council of Watertown for permission to locate and operate a filling station on lots it proposed to buy from the plaintiffs above named.  The application was made under ordinances which authorized the City Council to permit a station to be constructed on the described property and to keep  petroleum products thereon if the location "is one that will not materially increase the fire hazard or materially lessen the safety of the public".  The application was rejected.  Thereafter, upon petition of the plaintiffs the trial court issued its writ of certiorari wherein it commanded the common council, G. A. Gilbert, the mayor, and Harriett M. Gesley, auditor of the city of Watertown, to certify and return its records and proceedings in connection with the above described application, to the end that the same might be reviewed.  After return made and trial had, the court concluded that the council had not regularly pursued its authority in denying the application and had acted in excess of its jurisdiction, and adjudged the rejection of the application to be null and void.  From that judgment the city attorney perfected an appeal.  As we have indicated, plaintiffs move for an order dismissing the appeal on the ground that the same has not been authorized by the city council.

The Standard Oil Company made a second application

to the city council for permission to construct and operate a station on plaintiffs' property. By a vote of five to three the council granted this application. By letter addressed to the council and auditor the mayor stated that he vetoed the described action of the council.

Thereafter application was made by the Standard Oil Co. to Milton J. Hoy, defendant above named, for a building permit pursuant to the provisions of the ordinances of the city. Predicated upon the above mentioned veto of the mayor, defendant Hoy refused to issue a building permit. The plaintiffs then petitioned the trial court for a writ of mandamus commanding the defendant Hoy to grant the application and issue the permit. An alternative writ issued, return thereto was made, and trial was had. The court concluded that the mayor was without power to veto the action of the city council, and entered judgment commanding Hoy to issue the permit. From that judgment the city attorney perfected an appeal, and plaintiffs' second motion for an order of dismissal deals with the appeal in the mandamus proceedings.

As proof of the fact that these appeals have not been authorized by the city council the plaintiffs point to the following proceedings of the council.

The notices of appeal are dated January 11, 1954. On January 4, 1954 the city council by a vote of five to four, one absent, adopted a motion reading in part, "that City Attorney be instructed not to proceed with appeal to the Supreme Court in re filling station, Standard Oil Co., 5th street and 1st Ave. S. E. and permit be issued." The mayor on the following day addressed a letter to the council and auditor in which he said, "I hereby veto the Watertown City Council resolution of January 4, 1954 against appeal to the state supreme court * * *." The record of the meeting of the council on February 1, 1954 includes the following: "Mayor G. A. Gilbert's veto of the Shaw-Standard Oil motion of January 4th, 1954 was read. Moved by Alderman Mernaugh, seconded Alderman Stein, that Council override the Mayor's veto. Roll call vote: Ayes, Alderman Mernaugh, Mills, Philps, Poage, Stein and Wamsley. Nays: Alderman Dory, Hallquist, and Steinkogler. Six ayes. Three Nays. One absent. Mo-

tion lost." The record of that meeting also includes the following: "Moved by Alderman Philps, seconded by Alderman Mills that items of $35.00 for Clerks fees on Mandamus and Certiorari actions on appeal to Supreme Court be deducted from Treasurer's bill of $62.00, for the reason that Council passed a motion that no further steps be taken on appeal to Supreme Court in re Shaw-Standard Oil Filling Station permit * * * Roll call vote: Ayes, Alderman Dory, Hallquist, Mernaugh, Mills, Philps, Poage, Stein, Steinkogler and Wamsley. Nine ayes. No Nays. One absent. Motion carried."

It is undisputed that the city attorney is attempting to prosecute these appeals in his official capacity in the interest and at the expense of the city of Watertown. If because of the mayor's veto this record is insufficient to establish an effective direction by the city council to the city attorney not to take an appeal in these proceedings, a matter we do not decide, it does conclusively establish, we think, not only a lack of authorization by the council, but that no such authorization can be obtained from the council. Obviously, if the power to decide whether the appeals should be taken rested with the governing body, the presumption of authority which attends the city attorney, as an officer of the court in handling litigation for the city, has been rebutted. The question to be considered is whether the decision to appeal or not to appeal rested with the city council. As the powers and duties of the city council and officers of the city of Watertown flow from and are prescribed by the legislature, the answer to that question must be found in our statutes dealing with municipal corporations.

■ We have indicated that Watertown has a mayor and common council, as provided by SDC 45.07. The legislature provided that such a city "shall be governed * * * by a mayor and common council," SDC 45.0401. More than a governing legislative body was intended. It contemplated a body with both legislative and administrative or executive powers. SDC 45.1008. It was, we think, intended that this body should exercise all of the powers of the municipality except such as had been expressly delegated to some other officer or body. 62 C.J.S., Municipal Corporations, § 153, p.

313.  Therefore we look to see what powers were delegated to the mayor or to the city attorney.

■    It is provided that the common council shall consist of the mayor and certain aldermen.  SDC 45.0703.  He is said to be "the chief executive officer of a city", SDC 45.-0701, and has the following duties and powers, viz.,

> "The mayor shall preside at all meetings of the council but shall have no vote except in case of a tie.  He shall perform such other duties as may be prescribed by the laws and ordinances, and take care that such laws and ordinances are faithfully executed.  He shall annually and from time to time give the council information relative to the affairs of the city, and shall recommend for their consideration such measures as he may deem expedient.  He shall have the power to sign or veto any ordinance or resolution passed by the common council, and the power to veto any part or item of an ordinance or resolution appropriating money." SDC 45.0702.

When these sections dealing with the office of mayor are read in connection with the sections to which we have adverted, which contemplate the exercise of the powers of the municipality by a governing body, we think the conclusion is inescapable that they reveal an intention to charge the council with the power and duty to make decisions for the municipality and the mayor with the duty of executing those decisions.  We find nothing in these provisions which either expressly or impliedly invest the mayor with power to decide to either institute or defend litigation on behalf of or in the interest of the city.  This view is in keeping with the decision of this court in Halverson v. Williams, 38 S.D. 176, 179, 160 N.W. 730, 731.  In that case a mayor determined to permit certain actions against the city to go to judgment by default.  This court said, "It is contended by appellant that the mayor was the sole judge of the plaintiff's right of recovery, and that it was not incumbent upon him to notify the city council of the commencement of said actions, nor to consult them in the matter of permitting the plaintiff to take judgments therein.  This con-

tention is wholly without merit. It is the city council, and not the mayor, that is given control of the city's finances and the power to appropriate money for city purposes. Subdivisions 1 and 2 of section 1229, Pol. Code. This carries with it the right and the duty on the part of a city council to allow or reject claims against the city, and also the right and duty to prosecute or defend actions by or against the city."

█ It is just as evident that the legislature did not intend the city attorney to have power to decide whether litigation should be brought or defended by the city. It is provided:

"When required by the governing body or any officer of the city, the city attorney shall furnish an opinion upon any matter relating to the affairs of the city or the official duties of such officer; conduct the prosecution of all actions or proceedings arising out of the violation of any ordinance; represent the city in all actions or proceedings to which it may be a party; and perform such other professional services incident to his office as may be required by ordinance or directed by the governing body. * * *" SDC 45.1129.

Nothing more than a duty to advise and to represent can be read from this language.

██ We unhesitatingly conclude, after a careful review of all of our statutes dealing with municipal corporations, that the power to control litigation on behalf or in the interests of a municipal corporation of the character of the city of Watertown rests solely with the common council. It was for that body to determine whether an appeal should be prosecuted in the interests of the city and at its expense in these special proceedings. It appearing that these proceedings have not been so authorized, orders of dismissal must be entered.

Nothing herein contained should be construed as an expression of opinion on the merits.

Our order in each of the above entitled proceedings will be that the appeal is dismissed.

All the Judges concur.