CITY OF REDFIELD, Appellant v. WHARTON, Respondent

(115 N.W.2d 329)

(File No. 9952. Opinion filed May 22, 1962)

558

Gallagher & Battey, Redfield, for Appellant.

Lawrence E. Kayl, Redfield, for Respondent.

BIEGELMEIER, J. A complaint was filed in justice court charging defendant with reckless driving in violation of ordinance of the city of Redfield. At the trial, where he appeared with an attorney and the city was represented by its city attorney, defendant was found guilty on May 26, 1961. He served a written notice of appeal to the Circuit Court of Spink County on the city attorney and furnished a bond for costs, apparently proceeding under SDC 1960 Supp. 34.3202. A term of that court opened June 5, 1961. The complaint and certified copy of the justice of the peace docket required in SDC 1960 Supp. 34.3203 were filed with the clerk of courts on June 6 and June 8. The parties appeared for trial on June 22 by the same counsel. After a jury was chosen and impaneled, defendant's attorney moved the court "for a default judgment against the City" as "it does not appear in the record that the City Council has passed a Resolution authorizing the City Attorney * * * to prosecute the defendant in this Appeal." The city attorney stated that the council were cognizant of the existence of the appeal and that it was being prosecuted and had assented thereto except that a written Resolution had not been adopted. After the trial judge indicated he would grant the motion, the city asked for a continuance for such time as the court deemed reasonable to furnish the resolution. This request was denied and the action dismissed.

I. Generally, the granting of a continuance is in the sound discretion of the court and action thereon would only be reversed for abuse of discretion. In effect the request was not for a continuance over the term but a

recess or adjournment for a reasonable time to furnish the authority plaintiff city had no notice would be demanded.

■ ■ The city appeared in justice court by its duly appointed and acting city attorney; defendant's attorney recognized this by serving the Notice of Appeal on him, not on the Mayor or Alderman of the city. [SDC 1960 Supp. 33.0807(4) (b).] There was a presumption he had authority to so appear. Shaw v. Hoy, infra. If a defendant desire proof of authority to appear, the court on motion and on showing of reasonable grounds may require proof thereof. SDC 1960 Supp. 32.1203. That section permits the court to stay all proceedings until counsel had an opportunity to furnish the proof required, not dismiss the action summarily when the motion is made and counsel claims to be lawfully appearing but is unable to forthwith furnish written proof or evidence of it. It is the unusual, rather than the usual custom in this state of attorneys to appear with written authority.

■ But it is urged this court's opinion in Shaw v. Common Council of the City of Watertown, and Shaw v. Hoy, 75 S.D. 241, 63 N.W.2d 252, is authority for the court's action. There the court said the power to control litigation on behalf or in the interests of that city rested solely with the common council. In those appeals the circuit court in certiorari had annulled the action of the city council in denying a permit to operate a filling station and in mandamus had commanded the city engineer to grant a building permit. Appeals were taken to this court by the city attorney either on his own, or by the mayor's authority. The council by official resolutions rejected payment of the appeal filing fees and directed the city attorney not to proceed with the appeals. On that record the motion to dismiss the appeal was granted. The court stated: "The question to be considered is whether the decision to appeal or not to appeal rested with the city council" (75 S.D. 244, 63 N.W.2d 254) and "the power to control litigation on behalf or in the interests of a municipal corporation * * * rests solely with the common council" (75 S.D. 246, 63 N.W.2d

255). This was based on the premise the record conclusively established "not only a lack of authorization by the council (to appeal), but that no such authorization can be obtained from the council." Here the city attorney stated the council knew of the appeal, that it was being prosecuted and assented to it and that he would be able to furnish a resolution authorizing it. Under these facts the court abused its discretion and appellant is entitled to a reversal of the judgment. That the authority requested would be forthcoming is shown by a resolution of the council in the settled record, authorizing the present appeal.

▅▅▅ II. We prefer to rest the result, however, on other reasoning. Speaking of an action for violation of a city ordinance, this court has observed "Such a proceeding, though quasi criminal in its nature, is not a criminal prosecution within the meaning of said SDC 34.3301 but is a civil action and may be prosecuted upon a complaint." City of Sioux Falls v. Famestad, 71 S.D. 98, 21 N.W.2d 693. It is not a criminal action as defined by SDC 1960 Supp. 34.2901 which requires the state to be a party even though SDC 45.1137 directs the procedure in justice court to be as in other criminal actions. Again it is not a civil suit or proceeding to enforce or defend rights of the city or its officer as in the Watertown actions. It was enforcement of an ordinance of a city, a public agency for the preservation of good order. In suits that concern the city regarded as an individual, the city attorney is required to follow the directions of the city council; in this we do not recede from the Watertown holding. Having adopted an ordinance, without more, it became the duty of its officers to enforce it. Under SDC 45.0702 "The mayor shall * * * take care that such laws and ordinances are faithfully executed". For this, in the event enforcement resulted in prosecutions and trials of cases in court, the duty devolved upon the city attorney as the officer qualified for the performance of such duty. It was so held in People ex rel. Chapman v. Rapsey, 16 Cal. 2d 636, 107 P.2d 388, where the statute made it the duty of the chief of police to prosecute all

violations of ordinances and stated the duty of the city attorney in general terms. The same result was reached in Hosford v. Eno, 41 S.D. 65, 168 N.W. 764, L.R.A.1918F, 831. Section 1247 Rev.Pol. Code of 1903 then provided "The city attorney shall perform all professional services incident to his office, and when required shall furnish opinion upon any subject submitted to him by the city council * * *." There was no further city ordinance or resolution. This court said: "One of the professional services incident to the office of city attorney is the duty of prosecuting actions brought on behalf of the city for violation of its ordinances". See also Hosford V. City of Platte, 39 S.D. 162, 163 N.W. 714. Because it concerned a rule of conduct for the preservation of the peace and safety of the public and its quasi-criminal status, authority from the council to prosecute the ordinance violation in this action was unnecessary.

III. This conclusion requires an examination of some statements in the Shaw-Watertown opinion. The typewritten brief submitted by respondents on the motion to dismiss those appeals has been examined; SDC 45.1129 is only cited in it without discussion. Appellants filed no brief so the court did not have the benefit of argument of counsel. The present SDC 1960 Supp. 45.1129 had its origin in § 6297 of the Rev. Code of 1919. It then read (emphasis hereafter supplied to show transposition of phrase):

"City Attorney—Duties. The city attorney shall furnish an opinion upon any subject submitted to him, **when required by the governing body or any officer** of the municipality, upon any matter relating to the affairs of the city or the official duties of such officer; conduct the prosecution of all actions or proceedings arising out of the violation of any city ordinance; represent the city in all actions or proceedings to which it may be a party; and perform such other professional services incident to his office as may be required by ordinance or directed by the governing body."

Except for a proviso added by Ch. 248, Laws of 1925, permitting payment of additional compensation for services revising the ordinances, this section remained until 1939. The report of the Code Revision Commission, thereafter adopted as SDC 45.1129, read:

> "**When required by the governing body or any officer** of the city, the city attorney shall furnish an opinion upon any matter relating to the affairs of the city or the official duties of such officer; conduct the prosecution of all actions or proceedings arising out of the violation of any ordinance; represent the city in all actions or proceedings to which it may be a party; and perform such other professional services incident to his office as may be required by ordinance or directed by the governing body. * * *."

The transposition of the emphasized phrase without reference to its original § 6297 could lead to the general statements appearing in the Watertown opinion. It is clear that under § 6297 of the Rev. Code of 1919 the qualifying phrase "When required by the governing body", etc., referred only to furnishing an opinion; that the section read and meant "The city attorney shall * * * conduct the prosecution of all actions or proceedings arising out of the violation of any city ordinance * * *." That then being his duty, did the change in the location of the phrase mean to change the purport of the section? The meaning of § 6297 was clear; each clause in the sentence could be fitted with its subject, the city attorney. On the other hand, changing the phrase from its place in § 6297 where it referred only to furnishing an opinion to the beginning of the paragraph left the interpretation available that it was intended to modify every clause thereafter. This resulted, however, not only in it limiting the first three clauses, but in duplication and redundancy as to the last clause which itself contained the same limitation, so as to read: "**When required by the governing body** * * * the city attorney shall * * * perform such other professional services incident

to his office **as may be** \* \* \* **directed by the governing body."**

 In case of doubt and uncertainty in the meaning of a provision of a revised statute, its true meaning may properly be ascertained by resort to the original statute. The presumption that obtains in case of an amendment of a statute that a departure from the law formerly existing is intended, has little, if any, force in case of a general revision. The sections of the revision will be presumed to have the same meaning as the original section, and this notwithstanding there is alteration in the phraseology. Those were the conclusions of this court in Lewis v. Annie Creek Mining Co., 74 S.D. 26, 48 N.W.2d 815. There the court quoted from the Explanatory Note of the Code Commission in Vol. 1, page 12, which in part stated: "Numerous changes in phraseology were made merely for the purpose of more clearly and concisely expressing the legislative intent; hence, except where a contrary intention plainly appears, it should not be inferred from any such change that a change in the meaning of the statute was intended." As a footnote to SDC 45.1128 (§ 6296 Rev. Code of 1919) the commission stated it was revised in form. In the Explanatory Note to the Table of Corresponding Sections in Vol. 2, page 689: "Wherever an \* appears . . . it indicates that such code section . . . has been changed by revision." Such indication also appears after § 6296. The footnote to SDC 45.1129 shows its source to be § 6297, as amended by Ch. 248, Laws of 1925. There is no indication of revision there or in the Table. We conclude it was not the intention that the transposition of the phrase in SDC 1960 Supp. 45.1129 change the meaning of § 6297. It was therefore the duty of the city attorney to conduct the prosecution of the present complaint.

Reversed.

RENTTO, P.J., and SMITH and HANSON, JJ., concur.

ROBERTS, J., concurs in part.

ROBERTS, J., (concurring in part). I concur in Division I of the above opinion. It appears to me unnecessary to consider and decide other grounds for reversal.