## BUSBY v. RILEY, *et al.*

1. Although repeals by implication are not favored, two irreconcilably repugnant acts passed at different times, relating to the same subject, cannot stand together, and the later operates to repeal the former.

2.　It is therefore held that no recovery can be had under section 3111 of the Compiled Laws, the same being repealed by chapter 9, Laws 1879, being section 2933 of the Compiled Laws.

(Syllabus by the Court.　Opinion filed Dec. 19, 1894.)

Appeal from circuit court, Minnehaha county.　Hon. Joseph W. Jones, Judge.

Action by L. A. Busby against James E. Riley and others to recover the amount of a judgment in favor of plaintiff against the Sioux Falls Granite Company, a corporation of which defendants were stockholders.　From a judgment for defendants, and from an order denying a motion for a new trial, plaintiff appeals.　Affirmed.

The facts are stated in the opinion.

*Joe Kirby*, for appellant.

Under our statute the officer has sixty days within which to make his return of *n ulla bona* on an execution, but may do so at any time within that period when he becomes satisfied that the debtor has no property which can be reached.　Renand v. O'Bricu, 35 N. Y. 99; Forbes v. Walker, 25 N. Y. 430; Tyler v. Willis, 33 Barb 327; Fake v. Edgerton, 3 Abb. 229; Lovegrove v. Brown, 60 Me. 598; Lana v. Banks, 60 J. J. March 219; Thornton v. Lane, 11 Ga. 524; Wilcox v. Ratliff, 5 Blackf. 561; Brown v. Parkhurst, 24 Ill. 257; 2 Freeman Ex. sec. 352.

*Bailey & Voorhees*, for respondents.

The return of *nulla bona* on an execution should not be made until the return day; a return before that day is void. Thoyer v. Swift Harrington Ch. 430; 1st Ntl. Bk.; Dwight, 83 Mich. 189; Freeman v. Bank, Walker's Ch. 63; Steward v. Stevens, Harrington's Ch. 169; Farbell v. Millard, 63 Mich. 250; Schermerhorn v. Conner, 41 Mich, 374; Dillon v. Rash, 27 Mo. 243; Marks v. Hardy, 86 Mo. 232; Cassidy v. Meochon, 3 Paige 311; Williams v. Hogaboom, 8 Paige 469; Platt v. Caldwell, 9 Paige 386; Adams v. Cummicky, 4 Cush. 420; Roberts v. Knight 48 Me. 171.　Legislative power cannot be delegated. Cooley Const. Lim. 116; Stoutenburgh v. Hennick, 129 N. S. 141; National Bk. v. County of Yankton, 101 U. S. 129.

FULLER, J.   In justice court, on the 13th day of February, 1892, L. A. Busby obtained a judgment by default, upon an assigned claim for labor, against the Sioux Falls Granite Company, a corporation, and a transcript thereof was filed and docketed in the circuit court on the 24th day of the same month. On the same day, an execution issued thereon from the circuit court to the sheriff of Minnehaha county, and, no property of the corporation being found, the same was three days thereafter returned wholly unsatisfied, and this suit was instituted by plaintiff to recover from defendants, who were stockholders of said corporation, the amount of said judgment, including costs and disbursements, under and by virtue of section 3111 of the Compiled Laws, which is as follows:   "The stockholders of any corporation formed for the purposes mentioned in this article shall be jointly and severally liable, in their individual capacities, for all debts due to mechanics, workmen, and laborers employed by such corporation, which said liability may be enforced against any stockholders by an action at any time after an execution against such corporation shall be returned not satisfied;   *   *   *"   Although it appears from the record in justice court that judgment was obtained and entered against the corporation defendant, in favor of the apparent assignor, L. W. Busby, the substance of the oral complaint entered by the justice in his docket, as required by statute, and which appears in the abstract before us, indicates that the action was brought by the plaintiff, L. A. Busby, as assignee of the claim; but there being no question raised on that point, it is not material whether it was the claim or the judgment that was assigned to plaintiff herein, and we have assumed that the claim was assigned, instead of the judgment, and that the name L. W. Busby appears therein as the judgment creditor, instead of L. A. Busby, by reason of a clerical or typogaphical error.   Upon the issues tendered by the answer of defendants, the case was tried to a jury, and at the conclusion of plaintiff's evidence, which was admitted over defendants' objec-

tions, and which established all the allegations of the complaint not admitted in the answer, a motion to direct a verdict for the defendants was made by their counsel and sustained by the court; and from a judgment entered thereon, and from an order overruling a motion for a new trial, plaintiff appeals.

In support of the judgment, and the ruling of the court upon the motion for a new trial, defendants' counsel maintain that section 3111, upon which this action is based, was repealed by chapter 9, Laws 1879, being section 2933 of the Comp. Laws, and which is as follows: "Each stockholder of a corporation is individually and personally liable for the debts of the corporation to the extent of the amount that is unpaid upon the stock held by him. Any creditor of the corporation may institute joint or several actions against any of its stockholders that have not wholly paid the capital stock held by him, and in such action the court must ascertain the amount that is unpaid upon the stock held by each stockholder and for which he is liable, and several judgments must be rendered against each in conformity therewith. The liability of each stockholder is determined by the amount unpaid upon the stock or shares owned by him at the time such action is commenced, and such liability is not released by any subsequent transfer of stock. And in no other case shall the stockholders be individually and personally liable for the debts of the corporation. * * * "It was neither alleged in the complaint shown upon the trial, nor even anywhere claimed that either of the defendants ever owned stock upon which anything was unpaid, or that they had subsequently to the commencement of the action in justice court, or at any time, transferred any stock of the corporation; and it is therefore evident that plaintiff's case is based upon, and must stand or fall with, section 3111, which was designed to authorize a mechanic, workman, or laborer to recover for services rendered a corporation from any stockholder thereof. Section 2933 was introduced and became a law since the enactment of section 3111, and both sections are affirmative in their

terms, and relate to the same subject. The evident intention of the framers of section 2933 was to limit the personal statutory liability of stockholders for the debts of the corporation to the amount due, if any, upon the stock owned by them at the time suit is instituted to enforce collection thereof; and the section seems, in effect, to constitute a trust fund in the hands of stock holders, for the benefit of the creditors of the corporation, to the extent of the amount unpaid upon shares held by such stockholders. It is presumed that the above enactment was passed with due deliberation, and with a knowledge of the existence of section 3111, and although silent upon the subject of repeal, it is in such open conflict therewith that both sections cannot stand together, and it clearly appears that section 2933 was intended as a substitute for section 3111. Section 2933 was in full force when the services were performed for the corporation for which judgment was rendered in justice's court, and its provisions relate to and specifically define the rights of creditors of a corporation, the extent to which the stockholders are liable therefore, and, in our opinion, the expression; "and in no other case shall the stockholders be individually and personally liable for the debts of the corporation," by clear implication repeals the repugnant provision of section 3111, upon which this case is based. Although repeals by implication are not favored, it is well settled that without a repealing clause two irreconcilably repugnant acts, passed at different times, cannot stand, and that the later operates to repeal the former. People v. Burt, 43 Cal. 560; King v. Cornell, 106 U. S. 395, 1 Sup. Ct. 312; Smith v. Speed, 50 Ala. 277; Coats v. Hill, 41 Ark. 149; Suth. St. Const. 137, and cases there cited. As we are satisfied to base our decision upon the views we have expressed, other questions discussed by counsel will receive no attention, and the judgment of the trial court is affirmed.