STATE ex rel MILLERKE, Respondent, v. NISBET et al.,
Appellants.

(161 N. W. 351.)

(File No. 4011. Opinion filed February 16, 1917.)

1. **Municipal Corporations—Organization Under Aldermanic Form— Change—Repealing Statute, Whether Applicable.**

The repealing clause, in Laws 1907, Chap. 86, Sec. 137, repealing conflicting laws wherein same applied to cities organized under that act (being an act for incorporation of cities under commission form), did not repeal Pol. Code, Sec. 1170, providing for submission to vote of question of incorporation under aldermanic form of government; since, while a city is proceeding under commission form of government, certain sections of the aldermanic act have no application to it, yet when its electors desire to have question of change of organization submitted to vote, Sec. 1170, as amended by Laws 1913, Chap. 125, is a step in the procedure.

2. **Same—Change, from Commission to Aldermanic Form—Statute, What Provisions of Aldermanic Act Applicable.**

A city under commission form of government, desiring to vote to incorporate under Pol. Code, Sec. 1170, providing for aldermanic form of government, would become incorporated under provisions of Chap. 14, Pol. Code at large, and not under provisions of Art. 1 of said chapter (being Secs. 1170-1178, Pol. Code), which article as amended by Laws 1913, Chap. 125, provides for change of form of city government for cities under special charter, or under commission form, to the aldermanic form of government, and that they may become incorporated "under this article;" since, while under the original act of which section 1170 was a part (Laws 1890, Chap. 37) the words "incorporated under this act" are used, the codifiers of the 1903 Revision changed the word "act" to "article," which latter word was continued in said chapter 125.

3. **Statutes—Title, Subject—Organization of Cities—Sufficiency of Title.**

Laws 1913, Chap. 125, entitled "An act to amend section 1170 of Revised Political Code of 1903 of the state of South Dakota, relating to organization of cities," embraces but a single subject, to wit, the method by which cities not organized under Chap. 14, Rev. Pol. Code, (Secs. 1170-1414) may take the first step to become so organized; nor is more than one subject expressed in the title; which title would have been ample if it had simply said, "An act to amend section 1170, Revised Political Code 1903."

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Mandamus by the State, on the relation of N. Millerke, against W. C. Nisbet and others, constituting the Board of Commissioners of the City of Dell Rapids, to require defendants to submit to electors question whether defendant city should change its form of government. From a judgment for relator, defendants appeal. Affirmed.

*Krause & Krause,* for Appellant.

*Henry Robertson,* for Respondent.

(3) To point three of the opinion, Appellants cited: Metropolitan Casualty Ins. Co. of New York v. Basford, 139 N. W. 795-802; Pierson v. Minnehaha County, 134 at p. 217; Page 315, Cooley's Constitutional Limitations, (7th ed.); 26 Am. & Eng. Enc. Law, (2d ed.) pp. 594-5.

Respondents cited: State ex rel. Olson v. Erickson, Co. Auditor, 146 N. W. 364; State v. McPherson, 139 N. W. 368; Wilson v. Western Surety Company, 140 N. W. 263.

GATES, P. J. The city of Dell Rapids is a city under the commission form of government. On January 31, 1916, a petition was filed by 170 electors of the city (nearly one-half of the total number voting at the last preceding municipal election) with the city auditor, asking that there be submitted to the electors of the city the question whether the city should change its form of government and become incorporated under charter 14 of the Revised Political Code, commonly referred to as the aldermanic form of government. The municipal officers failed to comply with the petition, and in March, 1916, relator applied for, and secured, an alternative writ of mandamus requiring such officers to act or to show cause why they had not done so. Upon the trial judgment was entered directing the issuance of a peremptory writ. Therefrom the defendants appealed to this court.

By the provisions of chapter 125, Laws 1913, section 1170 of chapter 14 of the Revised Political Code was amended to read as follows; the new portion being italicized by us:

"Any city now existing in this state under a special charter, *or incorporated as a city under commission,* may become incorporated under this article in the manner following: Whenever one-eighth of the legal voters of such city voting at the last preceding municipal election shall petition the mayor and council thereof to submit the question as to whether such city shall

become incorporated under this article to a vote of the electors of such city, it shall be the duty of such mayor and council to submit such question accordingly, *within thirty (30) days after the filing of such petition,* and to appoint a time and place or places at which such vote may be taken, and to designate the persons who shall act as judges at such election; but such question shall not be submitted oftener than once in each year."

[1] It is the claim of appellants that by the repealing clause of the commission governed cities act, viz. section 137, c. 86, Laws 1907, section 1170 of the Revised Political Code was repealed because inapplicable to cities under commission. This claim is too attenuated to deserve serious consideration. Of course, while Dell Rapids is proceeding under the commission form of government, certain sections of the aldermanic act have no application to it; but, when its electors desire to have the question of change of organization submitted to a vote, section 1170 as amended is a step in the procedure.

[2] Appellants' next contention is equally strained and without merit. The original act of which said section 1170 was a part was chapter 37, Laws 1890. Section 1 of article 1 of said chapter used this language, viz. "shall become incorporated under this act." The codifiers of the 1903 revision changed the word "act" to "article," and the latter word was continued in chapter 125, Laws 1913. It is contended that a city voting to incorporate under the provisions of the last-mentioned chapter would only become incorporated under article 1 of chapter 14 of the Revised Political Code, viz. sections 1170-1178, inclusive, and not under the provisions of chapter 14; that the provisions of article 1 of said chapter 14 "stand alone, independent of and disconnected from those of the articles following." If the city should vote to become incorporated under section 1170, Rev. Pol. Code, as amended, it would become incorporated under the provisions of chapter 14, Rev. Pol. Code, of which that section is a part.

[3] It is next contended that chapter 125, Laws 1913, embraces more than one subject, and that the subject of the act is not embraced in the title. The title is:

"An act to amend section 1170 of the Revised Political Code of 1903 of the state of South Dakota, relating to organization of cities."

The subject of the act is single. It is the method by which cities not organized under chapter 14, Rev. Pol. Code, may take the first step to become so organized. Likewise, not more than one subject was expressed in the title. The title would have been ample if it had simply said, "An act to amend section 1170, Revised Political Code of 1903." Wilson v. Western Surety Co., 31 S. D. 175, 140 N. W. 263; State ex rel. Olson v. Erickson, 125 Minn. 238, 146 N. W. 364.

No error appearing, the judgment appealed from is affirmed.