### NORTHWEST PAPER COMPANY AND OTHERS v. D. M. NEILL.[1]

October 1, 1926.

No. 25,506.

**South Dakota statute as to personal liability of stockholders for debts of corporation, construed.**

Section 8779, Rev. Civ. Code of South Dakota, making stockholders personally liable for the debts of the corporation to the extent of the amount unpaid on the stock held by them and providing that such liability of a stockholder "is determined by the amount unpaid upon the stock or shares owned by him at the time such action is commenced," *held* declaratory of the common law rule that when a subscriber in good faith makes a legally complete transfer of stock which has not been fully paid, he is released from further liability to corporate creditors.

Corporations, 14 C. J. p. 1017 n. 9.

See note in 47 L. R. A. 246; 7 R. C. L. pp. 399, 400; 2 R. C. L. Supp. p. 375.

Action in the district court for Goodhue county to recover balance due upon stock. The case was tried before Schultz, J., who ordered judgment in favor of defendant. Plaintiffs appealed from the judgment. Affirmed.

*Tifft & Youngdahl,* for appellants.

*A. J. Rockne* and *Albert Mohn,* for respondent.

STONE, J.

Action by creditors to recover from a stockholder in a South Dakota corporation the balance unpaid on his stock. The original defendant, D. M. Neill, departed this life while the action was pending and his executors, Edmund P. Neill and Albert W. Bollum, have been substituted as defendants. There were findings of fact, con-

[1]Reported in 210 N. W. 148.

clusions of law and an order for judgment for the defense. Plaintiffs appeal from the judgment and submit the case wholly upon the claim that the findings of fact do not sustain the conclusions of law and judgment. The evidence is not before us.

The South Dakota corporation involved is the Aberdeen American Company. On January 21, 1922, D. M. Neill was the owner of $20,000 par value of its capital stock. On that date the corporation made settlement with him for $7,000. No other sum ever having been paid for the stock, the balance unpaid thereon was found to be $13,000. It is further found that on July 12, 1923, and before the commencement of this action, Mr. Neill sold and transferred all his stock to B. F. Newhouse, then president of the Seamen Paper Company of Minnesota, Incorporated, one of the plaintiffs. The findings are such as to negative any defect in that transfer and there is nothing to impugn its good faith.

The final fact, pleaded and found as such, for consideration is sec. 8779, Rev. Civ. Code of 1919 of South Dakota. It makes every stockholder of a South Dakota corporation personally liable for its debts "to the extent of the amount that is unpaid upon the stock held by him" and further provides that: "The liability of each stockholder is determined by the amount unpaid upon the stock or shares owned by him at the time such action is commenced, and such liability is not released by any subsequent transfer of stock."

As already indicated, the evidence is not before us so we can do no more than notice the contention of plaintiffs that the transfer of the Neill stock was never entered on the books of the corporation. We must take the finding of fact on that phase of the case at its face value and so consider the transfer complete and effectual for every purpose. In that situation, the judgment is right and must be affirmed for it is the rule, in the absence of any statute to the contrary, that: "When a subscriber in good faith transfers his stock, which has not been fully paid up, and the transfer is accepted and recognized by the corporation, the subscriber is released from further liability to corporate creditors." 7 R. C. L. 399.

The statute of South Dakota has not been otherwise construed so far as we are advised. Grey Const. Co. v. Hyde (S. D.) 207 N. W.

536, does not touch the point. Both that case and Shugart v. Maytag, 188 Iowa, 916, 176 N. W. 886, went to decision upon what was equivalent to a finding of no legally complete transfer, one accepted and recognized by the corporation. In neither case had the transfer been entered upon the books of the corporation. In neither case was there present the element, which we have here, of an absolute transfer found as a matter of fact and unattended by findings of any invalidating circumstance. Although the precise point was not involved, our view of the South Dakota statute was expressed by the supreme court of South Dakota in Busby v. Riley, 6 S. D. 401, 61 N. W. 164. It is there said that the evident intention of the framers of the law "was to limit the personal statutory liability of stockholders for the debts of the corporation to the amount due, if any, upon the stock owned by them at the time suit is instituted to enforce collection thereof." In First Nat. Bank v. Gustin M. C. M. Co. 42 Minn. 327, 44 N. W. 198, 6 L. R. A. 676, 18 Am. St. 510, the statute was considered "but declaratory of the common law."

Judgment affirmed.