STATE ex rel. SMITH, Appellant v. JAMESON, Warden, Respondent.

(19 N. W.2d 505.)

(File No. 8782.   Opinion filed June 26, 1945.)

**T. R. Johnson,** of Sioux Falls, for Appellant.

**George T. Mickelson,** Atty. Gen., and **E. D. Barron,** Asst. Atty. Gen., for Respondent.

ROBERTS, J.   The appellant was charged by an information filed May 23, 1928, in the Circuit Court of Pennington County, South Dakota, with robbery in the first degree and with five prior convictions of a ·felony.

The jury found defendant "guilty of assault' with intent to commit robbery. The court on June 26, 1928, pronounced judgment as follows: "Now on this 26th day of June, 1928, the State's Attorney, and the defendant, Chester W. Smith, and the defendant's counsel, came into Court and this being the day fixed by the Court for .the pronouncing of judgment on the conviction of the defendant for the crime of assault with intent to commit robbery, being an offense included within the offense charged in the information heretofore filed against the defendant in this Court and the said information having charged the defendant with committing said offense after having been three times convicted within this State of felonies, and the jury having found such charge to be true and the same having been admitted by the defendant in open Court and the defendant having been informed by the Court of the nature of said information; and of the said charge of former convictions and of his plea of not guilty and of the verdict of the jury, and being asked whether he had any legal cause to show why judgment should not be pronounced against him, and no cause being shown; the Court does adjudge and the sentence is that you, Chester W. Smith, be imprisoned at hard labor in the South Dakota State Penitentiary at Sioux Falls, South Dakota, for the period of your natural life * * *."

The case comes here on appeal from the judgment of the Circuit Court of Minnehaha county denying an application for writ of habeas corpus.

Sections 2 and 3 of Chapter 119, Laws 1927, read as follows:

"Section 2. Section 3613 of the Revised Code of 1919 is hereby amended to read as follows:

"Section 3613. Punishment for Fourth Conviction of Felony. A person who, after having been three times convicted within this state, of felonies or attempts to commit felonies, or under the law of any other state, government or country, of crimes which if committed within this state would be felonious, commits a felony within this state, may in the discretion of the court be sentenced upon conviction of such fourth, or subsequent, offense to imprisonment in

a state prison for the term of his natural life. A person to be punishable under this and the preceding section need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in the following section.

"Section 3. Procedure Relating to Re-sentencing. If at any time, either after sentence or conviction, it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth either in section 3612 or section 3613, it shall be the duty of the states attorney of the county in which such conviction was had to file an information accusing the said person of such previous convictions. Whereupon, the court in which such conviction was had shall cause the said person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, and shall require such offender to say whether he is the same person as charged in such information or not. If he says he is not the same person or refuses to answer, or remains silent, his plea, or the fact of his silence, shall be entered of record and a jury shall be empanelled to inquire whether the offender is the same person mentioned in the several records as set forth in such information. If the jury finds that he is the same person or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same peron, the court shall sentence him to the punishment prescribed in said sections 3612 and 3613, as the case may be, and shall vacate the previous sentence, deducting from the new sentence all time actually served on the sentence so vacated. Whenever it shall become known to any warden or prison, probation, parole, or police officer or other peace officer that any person charged with or convicted of a felony has been previously convicted within the meaning of said sections 3612 or 3613, it shall become his duty forthwith to report the facts to the states attorney of the county."

Appellant's contention is stated by him as follows: "The prosecution did not proceed against the defendant as pro-

vided by Chapter 119 of the Laws of 1927, Sec. 3. A special verdict should have been returned as to the prior felonies. The judgment is not supported by any special verdict. It rests on the one filed, and the petitioner has long since served the sentence or penalty therefor."

■ It is the prevailing view that inquiry is limited on habeas corpus to questions of jurisdiction. Habeas corpus cannot be utilized as a substitute for an appeal. State ex rel. Engebritson v. Circuit Court, S. D., 11 N. W.2d 659, 150 A. L. R. 739; Knewel v. Egan, 268 U. S. 442, 45 S. Ct. 522, 69 L. Ed. 1036. Mere errors or irregularities in the proceedings of a court having jurisdiction are not reviewable.

■ Chapter 119, Laws 1927, authorizing a more severe penalty to be inflicted on one who is a persistent offender, did not create a new or independent crime. State v. De-Marsche, 68 S. D. 250, 1 N. W.2d 67. It did not inflict additional punishment for a prior offense or authorize conviction on charge of being an habitual criminal. A prior conviction is not an element of an offense charged, but is merely a matter of aggravation going to the punishment to be imposed. Graham v. State of West Virginia, 224 U. S. 616, 32 S. Ct. 583, 56 L. Ed. 917; Goodman v. Kunkle, 7 Cir., 72 F.2d 334; Kuwitzky v. O'Grady, 135 Neb. 466, 282 N. W. 396; People v. Atkinson, 376 Ill. 623, 35 N. E.2d 58. Discussing the question, the Supreme Court of the United States in Graham v. State of West Virginia, supra [224 U. S. 616, 32 S. Ct. 585], said: "The propriety of inflicting severe punishment upon old offenders has long been recognized in this country and in England. They are not punished the second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted." A similar view was expressed by the court in Goodman v. Kunkle, supra [72 F.2d 336], where it is said: "Habitual criminality is a state, not a crime. * * * Habitual criminal statutes, such as that of Indiana, do not create or define a new or independent crime, but they prescribe circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous criminalities as they are alleged and found."

■■ If appellant had pleaded guilty to the information, the court could have proceeded to sentence without proof of prior convictions. It is equally clear that if there was an admission or confession by him of that part of the information relating to prior convictions no finding of the jury as to the truth thereof was required as a prerequisite to sentence. Under the provisions of section 3 of the act of 1927, an information could be filed after conviction accusing defendant of prior convictions. The court was then required in the language of the statute to bring the offender before it and "inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, and shall require such offender to say whether he is the same person as charged in such information or not. If he says he is not the same person or refuses to answer, or remains silent, his plea, or the fact of his silence, shall be entered of record and a jury shall be empanelled to inquire whether the offender is the same person mentioned in the several records as set forth in such information. If the jury finds that he is the same person or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person, the court shall sentence him to the punishment prescribed" in the statute. The statute contemplated that a defendant charged with prior convictions for the purpose of increasing his punishment could have only the question of his identity tried by the jury. If he confessed the fact of the prior convictions, the question of identity was settled and it was not necessary to submit such issue to the jury.

■ The trial court instructed the jury to the effect that the questions presented by the allegations relative to the former convictions had "been fully disposed of and determined" and that "that phase of the case" was "withdrawn from the consideration of the jury." The judgment contains an adjudication that "the same" was "admitted by defendant in open court". This clearly has reference to an admission or confession of the prior convictions. The Circuit Court of Pennington County clearly acted within its jurisdiction. It had jurisdiction of the person of defendant and of the subject matter. It had general jurisdiction of the

offense with which defendant was charged and had authority to impose the life sentence upon the verdict of guilty of the new offense and the acknowledgment or confession in open court by appellant of the prior convictions.

Plaintiff contends that the provisions of the act of 1927 were not sufficiently germane to the title to satisfy the requirements of Section 21, Article 3 of the Constitution of this state, which provides that "no law shall embrace more than one subject, which shall be expressed in its title." The title of the act in question read as follows: "An Act to Amend Sections 3612 and 3613 of the Revised Code of 1919 Relating to Second and Subsequent Offenders, and Providing for Re-sentencing." The practice of punishing second and subsequent offenders more severely than first offenders was well-known to the law of this state. The sections amended by the act of 1927 and referred to in the title enhanced the punishment of second and subsequent offenders. In adopting the law of New York, Laws 1926, c. 457 amending Penal Law, § 1941 et seq., Consol. Laws N. Y. c. 40, known as the "Baums Act", the amendatory act of 1927 restricted enhancement of punishment to felonies and provided a method of charging a prisoner after conviction with having been previously convicted and sentencing him accordingly.

■ Counsel directs attention to the words "Offenders" and "Re-sentencing" in the title. The term "offenders" is commonly used in statutes to indicate persons implicated in the commission of crime. 46 C. J. 905. It includes, as counsel contends, persons guilty of misdemeanors. The inhibition in the Constitution is against including in an act subject matter not embraced in the title. The fact that the title is broader than the matters contained in the body of the act does not render it violative of the Constitution.

■■ Sections 1 and 2 of the act in question amended sections of the Revised Code of 1919. In State ex rel. Millerke v. Nisbet, 38 S. D. 347, 161 N. W. 351, 352, it was held that a title worded "An Act to amend section 1170 of the Revised Political Code of 1903" would have been sufficient to comply with the requirement of the Constitution. We need not hold that "Providing for Re-sentencing" would have been sufficient to embrace the provisions of section 3 of this

act. Considering these words contained in the title with other portions thereof, we would not be justified in pronouncing the title insufficient. It is sufficiently comprehensive to call attention to the matter contained in that section. The title must be looked to as a whole and this Court may not hold the title defective because a better one might have been provided.

The judgment appealed from is affirmed.

All the Judges concur.