■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDERICK WIATER, Appellant.— Judgment unanimously reversed and matter remitted to the Family Court of the County of Oneida for further proceedings in accordance with the memorandum. Memorandum: This is an appeal from a judgment of the Children's Court of Oneida County which convicted the defendant of failing to obey a previous order of that court and which directed that he furnish an undertaking to secure payments which had been directed and that he be committed to Oneida County Jail until the giving of such undertaking unless sooner discharged by the court but in no event to exceed six months. Although there is no warrant in the record and there is grave doubt as to whether one was properly served upon the appellant, it appears that the proceeding was brought against him and the commitment pronounced in accordance with section 6 (subd. 2, par. [c]) of the Children's Court Act (now Family Court Act). It does not appear that the charge was read to him. No one was sworn, no evidence taken, but after a discussion, largely between the court and appellant's counsel, during which counsel made no admissions, in a very abrupt and cavalier manner the court decided that appellant was guilty and pronounced the afore-mentioned sentence. The proceedings not only defied every concept of due process but were also in violation of the statutes involved. Under section 33 of the Children's Court Act, whenever a person is charged with a violation under article III-A dealing with support proceedings, the court should proceed " to try and determine the charge of non-support. If upon such trial the court shall find *by competent evidence* * * * that he is guilty of non-support, the court * * * may

commit him to jail for not exceeding six months." (Italics supplied.) The trial may be conducted by the court without a jury (§ 33-a), and the respondent should be informed of his right to counsel and, of course, may be represented by counsel (§ 33-b). None of the essential formalities were complied with. Although we realize that some informality has been permitted in the past in Children's Court proceedings, such a complete deviation from orderly and required process requires a reversal and a new trial. The matter should, therefore, be remanded to the Family Court of the County of Oneida for proceedings in accordance with this memorandum. (Appeal from judgment of Oneida Children's Court convicting defendant of failure to make support payments, a misdemeanor.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.