In the Matter of the ESTATE of Anna C. BODE and Herman L. Bode.

Gwenyfred A. BUSH, and Julia M. Hildreth, Objectors and Appellants,

v.

Emma MAY, Estella A. Swanson, Marvin L. Bode, Arnold P. Bode, Alma E. Bode, Walter F. Bode, John M. Bode, Harold Bode, Freida Carter and George Bode, Proponents and Respondents,

and

A. E. Kuszmaul and Mervin G. Petersen, Co-Administrators.

No. 12356.

Supreme Court of South Dakota.

Argued Sept. 14, 1978.

Decided Jan. 4, 1979.

Charles .M. Thompson, of May, Adam, Gerdes & Thompson, Pierre, for objectors and appellants.

John W. Larson, of Larson, Sundall & Wright, Chamberlain, for proponents and respondents.

E. D. Mayer, of Riter, Mayer, Hofer & Riter, Pierre, for co-administrators.

HALL, Circuit Judge.

This is an appeal by Gwenyfred A. Bush and Julia M. Hildreth, heirs at law of the estate of Herman L. Bode, deceased, from the declaratory judgment entered by the Circuit Court of the Sixth Judicial Circuit, holding that the Uniform Probate Code was in effect when Herman L. Bode died February 3, 1976, and the provisions thereof as to intestate succession controlled the distribution of his estate. We affirm.

Anna C. Bode died on January 18, 1976. Her husband, Herman L. Bode, died shortly after on February 3, 1976. Both had wills which gave their estates to each other. Anna's will was effective in distributing her estate to her husband, but Herman's estate must be distributed according to the laws of intestate succession. Three of the heirs, including the appellants herein, will receive several thousand dollars less as their share of the Herman L. Bode estate if the distribution is made on the basis of the Uniform Probate Code provisions on intestate succession than if the distribution is made pursuant to SDCL 29–1–7 governing intestate succession.

The co-administrators of the estate of Herman L. Bode filed a petition for partial distribution of his estate, requesting that the estate be distributed pursuant to the provision of the Uniform Probate Code relating to intestate succession. Objections to the petition were filed. The objectors, appellants herein, also sought a declaratory

judgment, alleging that the provisions of SDCL 29–1–7 rather than those in the Uniform Probate Code as to intestate succession should control the distribution of the estate.

The circuit court entered its declaratory judgment on October 7, 1977, holding in part, "[t]hat the provisions of chapter 196, 1974 session laws [Uniform Probate Code] were in effect on February 3, 1976, the date of death of Herman L. Bode, and control the intestate succession . . . of his estate, . . . . That the repeal of chapter 196, 1974 session laws, by chapters 175 and 177, 1976 session laws, did not take effect until July 1, 1976, subsequent to the death of Herman L. Bode."

Objectors and appellants have appealed from this judgment and in seeking to establish that the Uniform Probate Code (1974 S.D.Sess.L. Ch. 196) was not in effect at the time of Herman L. Bode's death, and that the law of intestate succession controlling at that time was SDCL 29–1–7, have presented four questions:

(1) Was the so-called Uniform Probate Code (1974 S.D.Sess.L. Ch. 196) a complete, definite and finished act?

(2) Was the title of Chapter 196 of the 1974 Session Laws constitutionally misleading and incomplete and therefore invalid?

(3) Did Chapter 196 of the 1974 Session Laws repeal by implication all prior inconsistent laws?

(4) Do Chapters 175 and 177 of the 1976 Session Laws ordering the Supreme Court to promulgate what resulted in Rule 76–4 and future rules of the Supreme Court constitute an unlawful delegation of legislation authority?

With regard to the first question, appellants have argued that 1974 S.D.Sess.Laws Ch. 196 was incomplete in that it was amended to place the act in effect at a later date than that provided by the South Dakota Constitution, Article III, Section 22, and SDCL 2–14–16; that the act was not intended to be complete until enactment of either Senate Bill No. 130 of the 1975 legislative session or Senate Bill No. 72 of the 1976 Session; and that the act is on its face incomplete and therefore void.

■ This court has previously set standards to be applied in determining whether a statute is to be invalidated as incomplete, indefinite or uncertain. *Berdahl v. Gillis* (1965) 81 S.D. 436, 136 N.W.2d 633; *State v. Tarr* (1933) 61 S.D. 218, 248 N.W. 200. Omissions, inconsistencies or uncertainness in a statute do not render that statute invalid unless the courts, by accepted rules of construction, are unable to determine what the legislature intended or find that the statute cannot be executed. In applying these standards to Chapter 196, Laws of 1974, this court finds no reason to declare the act invalid.

The title of 1974 South Dakota Session Laws Chapter 196 is as follows:

AN ACT Entitled, An Act to enact the Uniform Probate Code; relating to wills and intestacy and the administration and distribution of estates of decedents, missing persons, protected persons, minors, incapacitated persons and certain others and providing for procedures therefor; providing certain procedures to facilitate enforcement of testamentary and other trusts; making uniform the law with respect to decedents and certain others; and repealing laws in conflict.

Appellants argue that the title is deficient and the act, therefore, unconstitutional because it represents that conflicting laws would be repealed, but the act itself did not contain a specific repeal provision.

■ The title of this act is sufficient to inform the reader of the general subject and purpose of the legislation. Appellants' complaint seems to be that the title is too broad and is therefore misleading. Reading the title as a whole, it does not appear that the surplusage as to repealing laws in conflict renders it in violation of Article III, Section 21 of the South Dakota Constitution. See *State v. Jameson* (1945) 70 S.D. 503, 19 N.W.2d 505.

The third question presented is answered in the decision of this court in the case of *Busby v. Riley, et al.* (1894) 6 S.D. 401, 405, 61 N.W. 164, 165, as follows:

> Although repeals by implication are not favored, it is well settled that without a repealing clause two irreconcilably repugnant acts, passed at different times, cannot stand, and that the later operates to repeal the former.

It is readily apparent that the Uniform Probate Code changed the manner in which property is distributed through intestate succession and is irreconcilably repugnant to SDCL 29–1–7 governing intestate succession. The enactment of 1974 S.D. Sess.Laws Ch. 196 therefore repealed the former statute.

Finally, the appellants question whether Chapters 175 and 177 of the 1976 Session Laws ordering the Supreme Court to promulgate what resulted in Rule 76–4 and future rules of the Supreme Court constitute an unlawful delegation of legislation authority. This question may apply to later cases occurring after the repeal of the Uniform Probate Code, but is immaterial to this case since it has no bearing on the question as to which law of intestate succession was in effect on February 3, 1976.

The judgment of the circuit court is affirmed.

WOLLMAN, C. J., and DUNN, ZASTROW and MORGAN, JJ., concur.

HALL, Circuit Judge, sitting for PORTER, J., disqualified.