Everett ALEXANDER, Petitioner and Appellant,

v.

Herman SOLEM, Warden, South Dakota State Penitentiary, Respondent and Appellee.

No. 15037.

Supreme Court of South Dakota.

Considered on Briefs Jan. 16, 1986.

Decided March 12, 1986.

Richard Braithwaite, Braithwaite Law Offices, Sioux Falls, for petitioner and appellant.

Clair B. Ledbetter, Asst. Atty. Gen., Pierre, for respondent and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

HERTZ, Acting Justice.

This criminal appeal arises from an order dissolving the appellant/petitioner's writ of habeas corpus. We affirm.

STATEMENT OF FACTS

On July 28, 1981, an information was filed charging the petitioner herein, Everett Alexander, (Alexander), with six counts of Third Degree Forgery. At the same time a Part II Information was filed charging Alexander with being an habitual offender un-

der SDCL 22–7–7, and which set forth five prior felony convictions.

Thereafter, Alexander entered into a written plea agreement on August 27, 1981, whereby he agreed to plead guilty to both parts of the Information and the State of South Dakota (State), agreed to recommend a 35 year prison sentence. On this same date, both Alexander and the State carried out the terms of the plea agreement and the trial judge sentenced him to serve 35 years in the South Dakota State Penitentiary. A Judgment of Conviction was filed on August 28, 1981.

On April 6, 1983, Alexander filed a petition for post-conviction relief in circuit court. In the petition, Alexander alleged ineffective assistance of counsel relative to the plea agreement which he voluntarily executed with the State. Following a hearing on the petition on August 8, 1983, and after briefs were filed by the respective parties, the court entered Findings of Fact and Conclusions of Law and an Order denying Alexander's petition on November 15, 1983. The trial court denied Alexander's Application for a Certificate of Probable Cause on January 24, 1984.

The habeas corpus proceeding from which this appeal arises was commenced by petition on January 25, 1985. A hearing was held on the writ on March 8, 1985. Findings of Fact, Conclusions of Law, and an Order dissolving the Writ of Habeas Corpus were entered on June 17, 1985. Certificate of Probable Cause was entered June 21, 1985. Appeal from the order dissolving the writ was filed on July 1, 1985.

Presently, Alexander attacks the validity of the trial court's determination that he was an habitual offender. Specifically, he argues that at the habeas corpus hearing, the State improperly supplemented the record to show that Alexander was represented by counsel, or waived it, pursuant to the five prior felony convictions upon which the Part II Habitual Information was based. As such, Alexander contends that the prior convictions could not properly be used for enhancement purposes, and thus, his 35 year sentence must be vacated be-cause it was based, in part, upon impermissible considerations.

At the underlying criminal trial, Alexander was charged by a Part II Information with being an habitual offender in accordance with SDCL 22–7–7. The prosecutor therein attached certified copies of judgments of conviction to the Part II Information which showed that Alexander had been convicted of five prior felonies. Pursuant to three of the convictions, the documents indicated that Alexander had been represented by court-appointed counsel, all of whom were denoted by name. A fourth conviction which occurred in Sweetwater County, Wyoming, showed that Alexander was appraised of his rights and was offered counsel, but thereafter waived his right to counsel in open court. The fifth conviction was silent as to whether or not Alexander was represented by counsel or waived such right.

A review of the Part II Information indicates that it comports with SDCL 22–7–11. As mentioned previously, Alexander plead guilty to the Part II Information as part of the plea agreement entered into on August 27, 1981.

At the habeas corpus proceeding on March 8, 1985, the court took judicial notice of the entire underlying criminal file. Alexander offered no other evidence and he did not testify. The court also took judicial notice of the initial post-conviction file which was heard in Lawrence County, South Dakota, upon which Alexander was denied relief on November 15, 1983.

At the March 8, 1985, habeas corpus hearing, the State submitted evidence that the Part II Information had attached to it certified copies of five Judgments of Conviction which were contained in the original criminal file of which the habeas court took judicial notice. Moreover, Alexander's trial counsel testified at this hearing in regard to the fact that Alexander was represented by counsel, or waived this right, pursuant to four out of the five prior felony convictions. Furthermore, he stated that this information was presented to Alexander, as well as himself, at the time of Alexander's

arraignment upon the six count forgery charge, and at the time of the plea bargain in this matter.

Pertinent to our discussion is the premier habeas case of *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), in which the United States Supreme Court stated that a judgment cannot be lightly set aside by collateral attack, even on habeas corpus. The opinion further states that the judgment of a court carries with it a presumption of regularity. The Court thereafter stated:

> Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of *habeas corpus*, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel.

*Id.*, 304 U.S. at 468–469, 58 S.Ct. 1025.

Similarly, in *State ex rel. Parker v. Jameson*, 75 S.D. 196, 197, 61 N.W.2d 832, 833 (1953), we wrote that one deprived of his liberty through violation of the right to have aid of counsel may collaterally attack, by writ of habeas corpus, a judgment imposing a prison sentence. However, we further stated that a return made on behalf of the warden showed the warden's right to custody over the prisoner by virtue of the judgment, and it made out a prima facie case in the warden's favor. We held, therefore, that the burden was on the petitioner to prove the illegality of his restraint; which "is the burden of proving his allegations that he had been denied substantial aid of counsel and due process of law." *Id.*, 75 S.D. at 200, 61 N.W.2d at 834.

In the case at bar, Alexander presented no evidence or testimony at the habeas corpus hearing to rebut the presumption of regularity which attached to the trial court's judgment of conviction. By contrast, the State offered persuasive evidence in regard to Alexander's five prior convictions by moving the habeas court to take judicial notice of his underlying criminal file. Thus, in *Reeves v. Mabry*, 480 F.Supp. 529, 536 (W.D.Ark.1979), wherein the petitioner sought habeas corpus relief, the court stated:

> A previous conviction of a felony may be proved by any evidence that satisfies the trier of fact beyond a reasonable doubt that the defendant was convicted. The following are sufficient to support a finding of a prior conviction: (1) a duly certified copy of the record of a previous conviction by a court of record[.]

Here, the habeas court took judicial notice of Alexander's criminal file which contained the certified copies of the prior judgments of conviction. It is uncontroverted that Alexander was represented by court-appointed counsel in three of those prior actions.

■ Moreover, his trial counsel testified at the hearing that Alexander waived his right to counsel in open court with respect to the prior felony conviction in Wyoming. SDCL 22-7-8 requires three or more prior felony convictions in order to enhance the sentence for the principal felony to a Class I felony. As such, we find that the trial court could have properly sentenced Alexander to 35 years, or life imprisonment for that matter, based only upon the three prior felony convictions wherein his assistance by counsel was unquestioned.

We note that the record reveals that Alexander was represented by competent counsel in the trial court. As such, the record reflects that Alexander was advised of his rights concerning the plea arrangement, and that he entered into it knowing full well that the 35 year sentence was only a recommendation, and that the court could, at its discretion, impose a sentence of up to life imprisonment. As stated previously, however, the trial court accepted the State's recommendation, and sentenced Alexander to 35 years based upon the Part II Information and SDCL 22-7-8, (three or more prior felony convictions).

In *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), the Supreme Court stated that unless the records of prior convictions show that the defend-

ant had been represented by counsel, there is a presumption that the defendant had been denied assistance of counsel and the convictions cannot be used to enhance punishment under recidivist statutes. However, the factual circumstances of *Burgett* are unlike those in the instant action.

■ Initially, we note that the *Burgett* case was under a writ of certiorari from a direct state court appeal of a criminal conviction. Here, Alexander is attempting to collaterally attack, through a habeas corpus proceeding, the validity of the five prior felony convictions as they applied to enhance the habitual information. As such, Alexander had the burden of proof.

Moreover, in *Burgett,* the state sought to introduce two versions of the same prior conviction which the defendant had received in Tennessee. In the first version, the conviction explicitly stated that the defendant was without counsel. In the second version, the conviction was silent as to whether or not the defendant was represented by counsel. The trial court's admission of the second version prompted the Court to state on review: "Presuming waiver of counsel from a silent record is impermissible." *Id.,* 389 U.S. at 114–115, 88 S.Ct. at 262.

■ In the instant case, however, only one of Alexander's prior convictions was silent as to whether or not he was represented by counsel, whereas the other four judgments of conviction indicated that he was aided by counsel or had knowingly waived such right. Inasmuch as the trial court accepted the recommendation set forth in the plea agreement and sentenced Alexander to 35 years, and in light of the fact that the Part II Information enumerated at least three prior felony convictions in accordance with SDCL 22–7–8, we are convinced that no error exists under the rulings in *Burgett, supra.*

In *State ex rel. Smith v. Jameson,* 80 S.D. 333, 340, 123 N.W.2d 300, 304 (1963), we approved the habeas court receiving into evidence the court files from another county. Moreover, in *State v. Olesen,* 331 N.W.2d 75 (S.D.1983), we stated that:

> A court may generally take judicial notice of its own records or prior proceedings in the same case and may take judicial notice of an original record in proceedings which are engrafted thereon or ancillary or supplementary thereto. 31 C.J.S. Evidence § 50(2) (1964).

*Id.* at 77, quoting *State v. Cody,* 322 N.W. 11, 12 n. 2 (S.D.1982). We further noted in *Gregory v. State,* 325 N.W.2d 297, 299 (S.D.1982), that the records in a criminal case are as fully before the court through judicial notice as they would be if introduced into evidence.

■ Therefore, we find that the habeas court herein properly took judicial notice of Alexander's underlying criminal file which was necessary and relevant for a determination of the merits of this action. Furthermore, we find that the trial counsel's testimony provided additional evidence which amply indicated that the court below did not base Alexander's sentence upon uncounselled prior convictions. As such, we find no merit in Alexander's argument that the State improperly supplemented the record.

We have reviewed the entire record and hold, therefore, that the court's Findings of Fact, Conclusions of Law, and Order dissolving Alexander's Writ of Habeas Corpus are dispositive of the fact that he was properly sentenced in the underlying criminal proceeding based on the Part II Habitual Information which was competent to be used for enhancement purposes. *See: Gregory,* 325 N.W.2d at 298.

We accordingly affirm the habeas court's order dissolving the writ herein.

All the Justices concur.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.