**Harold PODOLL, Defendant and Appellant,**

v.

**Herman SOLEM, Plaintiff and Appellee.**

**No. 15596.**

Supreme Court of South Dakota.

Considered on Briefs April 22, 1987.

Decided July 8, 1987.

---

1. See *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Richard Braithwaite, Sioux Falls, for defendant and appellant.

Grant Gormley, Asst. Atty. Gen., Pierre, on the brief: Roger Tellinghuisen, Atty. Gen., Pierre, for plaintiff and appellee.

MILLER, Justice.

This is an appeal from a denial of habeas corpus relief. We affirm because the error urged is not of a type cognizable in habeas corpus actions.

Harold Podoll (Podoll) was charged with committing twenty-six sex offenses, primarily or solely with minors, over a three-year period. He initially pleaded not guilty to all twenty-six charges. A plea bargain was next struck whereby Podoll pleaded nolo contendere to three charges of rape in violation of SDCL 22-22-1(5) and the remainder of the charges were dismissed.

Podoll later changed his three nolo contendere pleas to guilty but mentally ill, apparently based upon reports of a psychologist and psychiatrist. *See* SDCL 23A-7-16. The sentencing court expressly found there was a factual basis for accepting these pleas. Podoll was sentenced to three consecutive eight-year terms in the state penitentiary.

Podoll challenges his conviction on the basis that the evidence presented to the sentencing judge was insufficient to establish a factual basis upon which the judge could conclude that Podoll was mentally ill at the time of the offenses. *See* SDCL 23A-7-2 and -16. Podoll does not challenge the factual basis for accepting the guilty portion of his plea.

In the recent case of *Goodroad v. Solem*, 406 N.W.2d 141 (S.D.1987), Justice Morgan authored an appropriate, timely review of the availability of habeas corpus relief. Reiterating that our scope of review is limited, we said:

'Habeas corpus cannot be utilized as a substitute for an appeal.' (citations omitted) Habeas corpus is not the proper remedy to correct irregular procedures, rather, in the context of post-conviction attacks on the conviction itself, habeas corpus reaches only jurisdictional error. (citations omitted)

406 N.W.2d at 143 (quoting *State ex rel. Smith v. Jameson*, 70 S.D. 503, 507, 19 N.W.2d 505, 507 (1945)). For purposes of habeas corpus, deprivation of a constitutional right constitutes a jurisdictional error within the meaning of SDCL 21-27-16. *Id.*

Goodroad sought release from confinement on the grounds there was an insufficient factual basis to accept his guilty plea. We held habeas corpus did not lie for his claim because "the factual basis requirement rests in statute and not the constitution...." 406 N.W.2d at 145 (citing *Wabasha v. Solem*, 694 F.2d 155 (8th Cir.1982). *See also Logan v. Solem*, 406 N.W.2d 714 (S.D.1987).

Although Podoll's challenge is based upon failure to establish a factual

basis for accepting the mentally ill portion of his plea and not the guilty portion, his claim is no more constitutionally founded than was Goodroad's. Thus, as did Goodroad, Podoll does not allege a "jurisdictional" error. Furthermore, his claim does not fall under any of the other grounds set forth in SDCL 21–27–16 upon which habeas corpus relief is available. Although we examined the merits of Goodroad's claim despite its failure to be rooted in the constitution, we choose not to expend judicial resources doing so with Podoll's.

Affirmed.

WUEST, C.J., and MORGAN and HENDERSON, JJ., concur.

SABERS, J., concurs specially.

SABERS, Justice (concurring specially).

I concur specially because:

Podoll claims there is no factual basis in this record to support his plea that he was mentally ill at the time of the offenses. If no factual basis appears, Podoll may not have been mentally ill. If he was not mentally ill, then he may be sane but imprisoned as mentally ill.

The majority opinion refuses to examine Podoll's claim *on the merits* because it chooses *not* to expend judicial resources doing so. The majority opinion's "choice" is made *despite* subsection (3) of SDCL 21–27–16, which states:

> (3) Where the *process* is defective in some substantial form required by law; (emphasis added)

and *despite* this court's unanimous decision in *Security Sav. Bank v. Mueller*, 308 N.W.2d 761 (S.D.1981), which held that compliance with substantive statutory procedures are also subject to challenge in habeas corpus proceedings. Podoll's claim involves substantive statutory procedures and goes to whether his plea can even be accepted.