**Christopher Charles LEE, Appellant,**

v.

**Lynn DeLANO, Acting Warden of the South Dakota Penitentiary, Appellee.**

No. 16964.

Supreme Court of South Dakota.

Considered on Briefs Oct. 25, 1990.

Decided Feb. 27, 1991.

Jeff Larson, Sioux Falls, for appellant.

Gary Campbell, Asst. Atty. Gen., Pierre, (Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief), for appellee.

SABERS, Justice.

Christopher Charles Lee (Lee) appeals from a judgment quashing his writ of habeas corpus.

## FACTS

In March of 1987 a truck was stolen. The truck was later found at an abandoned farm with its engine, tires and radio removed. The engine was later found in a car owned by Lee. Lee had recently purchased the car without an engine and claimed that he had purchased the engine from a friend. Lee acknowledged that he believed that it was stolen, but denied actually stealing the engine. Lee was indicted for grand theft and resisting arrest on April 23, 1987.

The trial judge denied Lee's pretrial motions to suppress his statements to the police and evidence concerning his automobile. On May 29, 1987, Lee pled nolo contendere on the assumption that he was preserving his right to appeal the rulings on the pretrial motions. On June 23, 1987, Lee was found guilty of grand theft and resisting arrest. The trial judge relied on certain police reports to establish the basis for the plea.

On July 1, 1987, this Court issued its opinion in *State v. Cowley*, 408 N.W.2d 758 (S.D.1987), which held that a plea of nolo contendere constituted a waiver of any alleged trial errors. On July 13, 1987, Lee moved to withdraw his nolo contendere plea. The trial judge allowed him to withdraw his plea. Lee pled not guilty.

Lee and State stipulated that guilt would be decided by the judge based upon the "police reports." The trial judge had seen the police reports and was familiar with their contents although they were not formally offered and admitted into evidence. The trial judge, pursuant to the stipulation and without objection, proceeded to act as

the fact finder, found Lee guilty and sentenced him to ten years in the penitentiary for grand theft and a concurrent one year sentence for resisting arrest. Lee filed no direct appeal. Lee filed an application for a writ of habeas corpus on April 27, 1989. A hearing was held before Circuit Judge Kean on the application for writ of habeas corpus on September 18, 1989. The police reports were admitted into evidence at the habeas hearing. Judge Kean quashed Lee's writ of habeas corpus and Lee appeals. We affirm.

## DECISION

Lee contends that he was denied due process because the trial court lacked sufficient evidence to determine guilt. Lee's argument is that there is no record evidence in this case upon which to base his conviction. Lee's argument is based solely on the fact that although the police reports were stipulated to, they were not formally admitted into evidence.

> In determining the sufficiency of the evidence on appeal, our review is limited to determining whether there is evidence in the record which, if believed by the fact finder, will sustain a finding of guilt beyond a reasonable doubt. We must accept the most favorable inferences that can be drawn from the evidence in support of a verdict. (citations omitted).

*State v. Hanson,* 456 N.W.2d 135, 139 (S.D. 1990). *See also Jackson v. Virginia,* 443 U.S. 307, 317–18, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ First, we note that the police records were before the trial court and utilized for determining guilt by the *express agreement of State and Lee.* In *City of Sioux Falls v. Famestad,* 71 S.D. 98, 21 N.W.2d 693 (1946), we noted:

> Our view is that the settled record should contain all documents which were properly before the trial court for its consideration at the time of the ruling or decision to be reviewed by this court.

*Famestad,* 71 S.D. at 102, 21 N.W.2d at 695. As in *Famestad,* the police record was "properly before the trial court for its consideration at the time of the ruling or

decision" pursuant to a stipulation by the State and Lee. This is true even though the police records were not formally introduced.

■ Moreover, in *Alexander v. Solem,* 383 N.W.2d 486 (S.D.1986), we stated, "that the records in a criminal case are as fully before the court through judicial notice as they would be if introduced into evidence." *Id.* at 489 *citing Gregory v. State,* 325 N.W.2d 297, 299 (S.D.1982). Clearly, because Judge Hurd acknowledged having reviewed the police reports, they were, at some time, part of the criminal record and subject to judicial notice. This remains true even though they were apparently later removed from the court file and returned to the police department.

The police reports were properly before the Court by stipulation of the parties even though they were not formally introduced into evidence. Thus, the trial court had sufficient evidence in the record to sustain the finding of guilt.

■ Last, Lee contends that the habeas court erred in admitting and considering the police records. At the habeas hearing, State established the trial court record by admitting into evidence the criminal file of the underlying action. The habeas court is authorized to admit such evidence. *State v. Aspen,* 412 N.W.2d 881, 884 (S.D.1987); *Alexander,* 383 N.W.2d 486. Lee raised no objections to the admission of the criminal file. The police reports *were not* included in the criminal file at that time. Transcripts of the hearing concerning the stipulation on the police reports *were* included in the criminal file. Although the police reports were no longer contained in the trial court records, it was clear that the trial court had considered the police reports. *See State v. Dupris,* 373 N.W.2d 446 (S.D. 1985) (incomplete trial record may be reconstructed on appeal). Using the criminal file and the transcript, State called the habeas court's attention to the stipulation regarding the police reports. State then offered the police reports as exhibit #1 in the habeas corpus proceeding. Lee's counsel stipulated that, if called, Judge Hurd would testify that he recalled the stipulation and

that exhibit # 1 was a copy of the police reports he viewed in adjudicating Lee's guilt. While acknowledging the authenticity of the police reports, Lee still objected to their admissibility. The habeas court admitted the police reports as exhibit # 1. Based on that foundation, the habeas court did not commit error in admitting the police reports into the record of the habeas court proceedings.

We affirm the judgment quashing the writ of habeas corpus. Because we do not reverse Lee's conviction, we find it unnecessary to address Lee's argument that the double jeopardy clause would bar retrial.

MILLER, C.J., and MORGAN, Retired J., concur.

HENDERSON, J., concurs specially.

WUEST, J., dissents.

MORGAN, Retired J., participating.

HERTZ, Circuit Judge, Acting as a Supreme Court Justice, not participating.

HENDERSON, Justice (specially concurring).

We have, before us, a collateral attack on a conviction and sentence via habeas corpus. Applicant/appellant Lee did not appeal his conviction/sentence. Now, he employs the great old writ of liberty for aid. Although the procedure in securing the conviction was irregular and a judicial "short-cut" and quite informalistic in nature, I cannot bring myself to vote for a reversal of the habeas court. Assuredly, the procedure employed by the sentencing court was not a modicum of judicial exactitude. Further, I would discourage similar procedures in the future in our courts of this state.

We must remember the scope of review for habeas corpus proceedings. Quite recently, in *Cowell v. Leapley,* 458 N.W.2d 514 (S.D.1990), this Court reaffirmed the standard of review as set forth in *McCafferty v. Solem,* 449 N.W.2d 590, 591–92 (S.D.1989) wherein we expressed:

The remedy of post-conviction habeas corpus is restricted by the provisions of SDCL 21–27–16 and the prior decisions of this court. The statutory provisions were fairly well summarized in our decision, *State v. Erickson,* 80 S.D. 639, 129 N.W.2d 712 (1964), wherein we pointed out that, since the remedy is in the nature of a collateral attack upon a final judgment, *the scope of review in habeas corpus proceedings is limited.* As we said: habeas corpus can be used only to review (1) whether the court had jurisdiction of the crime and the person of the defendant; (2) whether the sentence was authorized by law; and (3) in certain cases, whether an incarcerated defendant has been deprived of basic constitutional rights. *Id.,* 80 S.D. at 645, 129 N.W.2d at 716. *See also, Goodroad v. Solem,* 406 N.W.2d 141 (S.D.1987). *Habeas corpus is not a proper remedy to correct irregular procedures, rather habeas corpus reaches only jurisdictional error. Id.* 406 N.W.2d at 143; SDCL 21–27–16. For purposes of habeas corpus, constitutional violations in a criminal case deprive the trial court of jurisdiction. *Goodroad,* 406 N.W.2d at 143; *Podoll v. Solem,* 408 N.W.2d 759 (S.D.1987) ... Further, we may not upset the habeas court's findings unless they are clearly erroneous. SDCL 15–6–52(a); *Satter v. Solem,* 422 N.W.2d 425 (S.D. 1988). (emphasis supplied mine).

We must review this case in light of our previous holdings.

Was a *basic constitutional right* violated? Or do we have an *irregular procedure* below? As I review this case, my analysis is that we must focus on these immediate concepts.

Initially, I note the transcript of 11 a.m., July 15, 1987, is denoted COURT TRIAL. In the June 19, 1989, deposition of Attorney Braithwaite, at pages 14 and 15, Braithwaite testified (for the habeas corpus court):

A. All right. The Judge, after granting the Motion to Withdraw, which would have automatically reinstated the not guilty pleas, asked if I wanted a *trial* or if there was going to be a *stipulation.* Now, the Judge knew from private conversations with Welk and I

that a stipulation was coming, so it was a rhetorical question, and *I said that we would stipulate that the Judge could try the case based upon the Police Reports* which had been furnished to him, and that was the agreement Welk and I had. (emphasis supplied mine).

Therefore, it appears that a court trial was to be held, and actually was held, by way of stipulation. I buttress this conclusion by the following excerpt from the abbreviated (to say the least) trial:

Judge Hurd: Now do you want to have a trial or do you want to stipulate facts or stipulate testimony?

Mr. Braithwaite: It would be a stipulation, assuming the State is willing to stipulate, *that the matter be decided by Your Honor based upon the police reports* which have already been furnished to you. (emphasis supplied mine).

Judge Hurd: Are you willing to stipulate to that, Mr. Welk?

Mr. Welk: Yes, Your Honor. As it was the factual basis for the plea, we believe the police reports establish the essential elements of the offense.

Judge Hurd: The Court, of course, is familiar with those police reports. I have considered those police reports. I will accept the stipulation of counsel that *if the witnesses referred to in those reports were called to testify they would testify in conformity with those reports.* Based upon those reports, I find that each of the *essential elements* of the crimes to which the defendant previously entered a nolo contendere plea *have been proven beyond a reasonable doubt* and *I hereby find the defendant guilty* and adjudicate him guilty of said offenses pursuant to that testimony.... (emphasis supplied mine).

Indeed, the police reports were incriminating and did, in law, establish the essential elements of the two offenses. Moreover, I note at page 21 of this same transcript, that Attorney Braithwaite testified "We did not stipulate to the facts, we stipulated that the Judge could determine guilt or innocence based upon the Police Reports."

These police reports were not entered into evidence; they were not marked as exhibits. Facts, per se, were not stipulated into the record. However, the police reports were admitted at the habeas corpus hearing. This permitted Judge Kean, sitting as the habeas court, the opportunity to review exactly that which Judge Hurd considered, acting as the trial court. Therefore, the habeas court had, in effect, testimony of the police because the police would have, via stipulation, testified in conformity with the reports.

A more preferable procedure would have been to mark the police reports as exhibits and then receive them into evidence. They constituted the only evidence and the State's entire case. If this was, indeed, a "Court Trial," and I am of the opinion that it was, albeit brief and informal, the trial judge could have accomplished a more meaningful "trial" by asking if either side had any witnesses to be called (other than testimony, via police reports). And could have asked if there was any other evidence to be presented. Bringing the "trial" to a formal closing by words from the bench would have imbued the proceeding with a more dignified, formal air. This was, after all, a felony court "trial" which resulted in one ten year sentence to the State Penitentiary and, also, a one year sentence to the State Penitentiary, same to run concurrently.

In reality, Lee is appealing on a procedural point; habeas corpus is the wrong vehicle. Precedent is against his position for non-constitutional errors are not jurisdictional and inappropriate for habeas consideration. *Podoll v. Solem,* 408 N.W.2d 759, 761 (S.D.1987).

Lastly, I am smitten by the "about-face" legal position of Lee. His entreaty has a certain ring of duplicity. He acquiesced in this abbreviated, informal procedure without any objection. To use the great writ of liberty to retrieve himself from that in which he did willingly abide is to employ it for an ignoble purpose. Thus, I specially join the majority opinion.

WUEST, Justice (dissenting).

I dissent.

In determining the sufficiency of the evidence, our review is limited to determining whether there is evidence *in the record* which, if believed, will sustain a finding of guilt beyond a reasonable doubt. *State v. Hanson*, 456 N.W.2d 135, 139 (S.D.1990). *See also Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Here, admittedly, there was no evidence in the record to review, and to that extent, the majority has misstated the issue posed by Lee. The question is not whether there · was *sufficient* evidence in the record to uphold his conviction, for that presupposes the existence of evidence and no evidence was admitted in this proceeding; rather, the issue is whether there was *any* evidence in the record upon which to convict him—and there was not. *See Thompson v. City of Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). The police reports were not entered into evidence.

Article IV, section 2 of the South Dakota Constitution and the Fifth and Fourteenth Amendments of the United States Constitution provide that no person· shall be deprived of liberty without due process of law. Where there is no evidence in the record to support a conviction, it is void because it does not comport with due process of law. *Thompson*, 362 U.S. at 204, 80 S.Ct. at 628. We, here, confront a circumstance similar to *People v. Wiater*, 19 A.D.2d 692, 241 N.Y.S.2d 464 (1963):

> No one was sworn, no evidence was taken, but after a discussion, largely between the Court and appellant's counsel, during which counsel made no admissions, in a very abrupt and cavalier manner the Court decided that appellant was guilty and pronounced ... sentence.

The *Wiater* court found such a proceeding "defied every concept of due process," *id.* 241 N.Y.S.2d at 465, and I believe the proceedings in the instant case do likewise. I would reverse.